## COXE v. SINGLETON.

(Filed October 24, 1905).

*Issues—Witnesses as to Character—Impeachment of Verdicts.*

1. The issues arise upon the pleadings and not upon evidential facts, but where there are no written pleadings, it is the duty of the court to so frame the issues after hearing the evidence, as to develop the whole case and to present to the jury the real issues of fact in dispute.

2. Where the plaintiff's witness, on cross-examination, testified to the good character of the defendant, a question on redirect examination, as to whether he had not heard that the defendant had committed certain offenses, was properly excluded.

3. An exception to the refusal of the court to set aside the verdict, because several of the jurors signed a paper to the effect that they did not fully understand the issues and the legal effect of their findings, is without merit, as jurors cannot be heard to impeach their verdict.

ACTION by Thomas C. Coxe against Robert Singleton, heard by *Judge B. F. Long* and a jury, upon appeal from a Justice of the Peace, at the August Term, 1905, of the Superior Court of ANSON County.

The plaintiff alleged that he sold the defendant certain walnut lumber at a stipulated price, $20; that the defendant refused to take and pay for the same. The defendant denied the contract, and also that the plaintiff had performed it, alleging that the lumber tendered was worthless. The court submitted the following issues: 1. Did defendants contract with plaintiff to purchase lumber from him as alleged by plaintiff? A. Yes. 2. If so, did plaintiff comply with his part of the contract and the terms thereof, as alleged? A. No. 3. What was the value of the lumber hauled by

plaintiff to defendants for delivery under the alleged contract? A. $5.

Upon the finding of the jury the court dismissed the action and the plaintiff appealed.

*Fred J. Coxe* for the plaintiff.
No counsel for the defendant.

BROWN, J. 1. The plaintiff excepted to the issues submitted. They plainly cover the controversy between the parties as disclosed by the evidence. The issues were sufficient to enable the jury to intelligently find the facts in dispute, and to enable the plaintiff to present every view of the evidence contended for by him. It is true the issues arise upon the pleadings and not upon evidential facts, but where there are no written pleadings, as in this case, it is the duty of the court to so frame the issues after hearing the evidence as to develop the whole case, and to present to the jury the real issues of fact in dispute. His Honor did that in this case.

2. The witness Marshall testified to the good character of the plaintiff, and also, on cross examination, to the good character of Robert Singleton, one of the defendants. Upon redirect examination, the plaintiff's counsel asked the witness: "Have you not heard that the defendant, Robert Singleton, committed rape upon a negro girl?" Also "Have you not heard that Robert Singleton padded his pay roll at the mill?" These questions were excluded and the plaintiff excepted. We think the ruling of the court was fully sustained by the decisions of this court wherein the rule of practice is fully discussed. *State v. Bullard,* 100 N. C., 488; *State v. Boswell,* 13 N. C., 209; *Barton v. Morphes, ibid,* 520.

It is to be noted, however, that the plaintiff had full benefit of the evidence upon cross-examination of Robert Singleton, who admitted that he had been accused of padding his pay roll at the mill, and had been charged with and acquitted of the crime of rape.

3. The plaintiff presented to the court a paper writing signed by the several jurors who tried the case, to the effect that they did not fully understand the issues and the legal effect of their findings, and moved to set aside the verdict. The court declined and the plaintiff excepted. It is familiar learning that jurors cannot be heard to impeach their verdict. If that were allowed, law suits would seldom be determined.

The legal effect of their findings is to put an end to this case. The fact that the jury unnecessarily answered the third issue, is conclusive that they intended to find that the plaintiff did not perform the contract on his part, for if the lumber tendered was worth only $5, it fell far short of the required quality, according to the plaintiff's own version of the contract.

We think there was no error committed, and the judgment is

Affirmed.