## CLARK v. UNITED STATES.

Court of Appeals of District of Columbia.

Submitted November 7, 1927. Decided December 5, 1927.

No. 4558.

1. **Witnesses** ⬡274(2)—**Character witnesses, testifying to accused's reputation for honesty, held properly cross-examined as to accused's previous arrest for petit larceny.**

Defendant's character witnesses in prosecution for grand larceny, in which defendant was charged with stealing coat, *held* properly cross-examined as to whether they had heard that defendant was arrested on charge of petit larceny on certain date prior to time alleged in indictment, in which certain firm appeared as complaining witness, since accused was undertaking to prove good reputation for honesty, and question related to same trait of character.

2. **Criminal law** ⬡1170½(2)—**Cross-examination of character witnesses as to previous arrest of accused, if error, held harmless, considering negative answers.**

In prosecution for grand larceny, cross-examination of accused's character witnesses, testifying to her good reputation for honesty, as to whether witnesses had heard of previous arrest of accused for petit larceny, if error, *held* not reversible, where witnesses' answers were negative, government's counsel asked questions in good faith, and court instructed that such testimony should not be considered as bearing on question of guilt or innocence of accused in any manner whatsoever.

Appeal from the Supreme Court.

Margaret Clark was convicted of grand larceny, and she appeals. Affirmed.

Crandal Mackey and G. E. C. Hayes, both of Washington, D. C., for appellant.

Peyton Gordon and Raymond Neudecker, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant, Margaret Clark, was indicted, tried, and convicted upon a charge of grand larceny; the accusation being that on the 22d day of December, 1924, in the District of Columbia, she had stolen a certain coat of the value of $250 belonging to one Lucy C. Cogswell.

At the trial of the case the defendant called a witness who testified to her good reputation for honesty in the neighborhood in which she lived. Thereupon, on cross-examination, the witness was asked by government counsel if, during his acquaintance with the defendant and the people in the neighborhood in which she lived, he had heard that the defendant was arrested on April 22, 1922, on a charge of petit larceny, in which the firm of S. Kann's Sons appeared as the complaining witness. To this question counsel for the defendant objected, upon the ground that the alleged arrest referred to was at a time much prior to the time alleged in the indictment upon which the defendant was being tried, and was not in any wise connected with the matters and things complained of in the indictment, and tended to convey to the jury the idea that she had been convicted of larceny, which was untrue, and to cause the jury to believe that she was an habitual thief, and to excite the prejudice and passion of the jury against her. The court overruled the objection, and the defendant excepted; whereupon the witness answered by saying that he had never heard of any such arrest.

The same question was asked on cross-examination of two other character witnesses called by the accused, and they also answered, under objection and exceptions, that they had never heard of such an accusation or arrest. The court instructed the jury that the testimony called for by these questions was not admissible as substantive evidence against the defendant, but merely for the purpose of affecting the credibility of the character witnesses, and that it was not to be considered by the jury as bearing upon the question of the guilt or innocence of the accused in any manner whatsoever.

[1] In the present appeal the appellant presents but a single assignment of error, to wit, "that the court erred in allowing the character witnesses to be asked the question if they respectively had heard that the defendant was arrested on April 22, 1922, on the charge of petit larceny in which the firm of S. Kann's Sons appeared as the complaining witness, over the objection of counsel for the defendants."

In our opinion, this complaint is without merit. The overwhelming weight of authority supports the view that character witnesses, testifying to the good reputation of the accused, may be asked on cross-examination

whether they had not heard one or more persons of the neighborhood impute particular similar crimes to the accused, or reports and rumors to that effect. In the present case, it may be noted, the accused was undertaking to prove a good reputation for honesty, and the question complained of related to the same trait of character, and related to a time prior to the date of the alleged crime for which the accused was being tried.

"* * * On cross-examination, however, it seems that the [character] witness may be interrogated as a test of his information, accuracy, and credibility, but not for the purpose of proving particular acts or facts as to the opinions he has heard expressed by members of the community, touching the character of the defendant and whether he has not heard one or more persons of the neighborhood impute particular acts, or the commission of particular crimes, to the party under investigation, or reports and rumors to that effect." 8 R. C. L. § 205.

To the same effect, 2 Wigmore on Evidence, § 988; 16 C. J. § 1125, p. 582, and authorities therein cited. Compare, also, State v. Dickerson, 77 Ohio St. 34, 82 N. E. 969, 13 L. R. A. (N. S.) 341, 122 Am. St. Rep. 479, 11 Ann. Cas. 1181, where the witness testified to actual traits of character only, and not to general reputation of the accused.

Appellant cites the case of Sacks v. United States, 41 App. D. C. 34, in support of her contention; but we do not think it applicable. In that case the accused was on trial for rape, and he called witnesses to establish his good reputation for morality and chastity. In cross-examination one of these witnesses was asked whether he had heard that the accused was convicted of furnishing liquor to minors. The witness answered that he had never heard of such a thing. In the opinion affirming the defendant's conviction, the foregoing question was referred to by this court as improper. It is clear that the question was amenable to this censure, since it bore no reference to the nature of the charge then on trial against the defendant; for the fact that the accused was reported to have sold liquor to minors would not reflect upon his character for morality or chastity.

"Indeed, where evidence touching the character of the party is admitted, it ought manifestly to bear reference to the nature of the charge against him. Where the trait of character in issue is one of honesty and fair dealing, evidence that the defendant is a peaceable, quiet, and law-abiding citizen, or that he is a man of sober and industrious habits, should not be admitted, because these questions do not bear upon the defendant's character for honesty." 8 R. C. L. § 203.

[2] We may add that, in view of the negative answers of the witnesses to the questions, and the instructions of the court concerning them, together with the good faith of the government's counsel in asking them, they would not require a reversal in this case, even if improper.

The judgment below is affirmed.