## STEWART v. UNITED STATES.

### No. 7270.

United States Court of Appeals for the District of Columbia.

Argued March 6, 1939.

Decided March 20, 1939.

Charles M. Irelan, Jr., Donald S. Caruthers, and Edison W. Mollohan, Jr., all of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and Charles B. Murray, Asst. U. S. Atty., both of Washington, D. C.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

PER CURIAM.

Appellant was indicted for the offense of robbery in the District of Columbia, was tried, convicted, and sentenced. He appeals and assigns as error the action of the trial court in overruling his objection to the question asked of his character witness—if she knew that the defendant had been arrested for investigation in 1936 and in 1937.

In the instant case the question was proper, for the reason that the accused himself had previously testified on direct examination "that he had been arrested for investigation on two previous occasions but never charged with any crime." This testimony opened the door to inquiry as to the truthfulness of that statement, and when later he definitely put his character in issue by calling character witnesses in his behalf it was certainly proper to permit the prosecuting attorney to ask the character witness about the arrests—if for no other reason—as a means of testing the basis of her belief. The question went no further than the voluntary disclosures already made by the defendant invited. Since, however, the question of the extent of cross-examination of character witnesses so frequently arises in this jurisdiction, we deem it not improper to state more definitely, perhaps, than has been done before what we believe to be the correct rule in relation thereto. The same rule which excludes independent evidence of the former criminal record of an accused confines character evidence to his general reputation.[1] When

---

[1] Wigmore on Evidence (Second Ed. 1922) secs. 192–4: "The law here declares a general and absolute rule of exclusion. It is forbidden, in showing that the defendant has not the good character which he affirms, to resort to *particular acts of misconduct* by him" (p. 412).

evidence of good character is offered, cross-examination of the character witness has a legitimate purpose in testing the grounds of his belief [2] and, since the only admissible evidence of good character is what people generally, who know the accused, think about him, the prosecuting attorney may ask if the witness has heard of conduct negativing a favorable reputation. [3] For the word "character" in this sense means reputation as distinguished from disposition. [4] By this token, the witness'

knowledge of particular acts is not admissible to prove character. [5] Consequently the witness should not be asked, either upon direct or cross-examination, if he knows of particular incidents in the career of the accused. [6] In other words, the witness on cross-examination should be asked only—"Have you heard?"—not—"Do you know?"

Affirmed.

STEPHENS, Associate Justice, concurs in the result.

---

[2] Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L.R.A. 301; 2 Wigmore, sec. 988.

[3] Clark v. United States, 57 App.D.C. 335, 23 F.2d 756; Filippelli v. United States, 9 Cir., 6 F.2d 121; Spalitto v. United States, 8 Cir., 39 F.2d 782; People v. Laudiero, 192 N.Y. 304, 85 N.E. 132; Coxe v. Singleton, 139 N.C. 361, 51 S.E. 1019; Hill v. State, 194 Ala. 11, 69 So. 941, 2 A.L.R. 509; State v. Killion, 95 Kan. 371, 148 P. 643; Weakley v. State, 168 Ark. 1087, 273 S.W. 374.

[4] Stephens Dig. of Ev. (2nd Ed.), p. 158.

[5] Prater v. State, 104 Tex.Cr.R. 669, 284 S.W. 965, 966: "We think the court was in error in admitting this testimony involving specific acts and conduct of the appellant known by the witness for the purpose of attempting to rebut the testimony in chief of this witness on the general reputation of appellant for good character, and that said cross-examination should have been limited, not to specific acts and conduct known to said witness, but to what he had heard stated, if anything, about said specific acts. General reputation is confined solely to what people generally think and state about it, and

it is not permitted, on an examination of the witness in chief, to show specific acts, in order to show good or bad reputation; neither do we think it is permissible, on cross-examination, to show by the witness what he knows individually about specific or particular acts or conduct of the accused, because this would do violence to the principle upon which testimony on character is based, and, as has been said by eminent writers, would unnecessarily extend the length of the trial, since it would require or call for testimony on the part of the accused to refute or rebut such testimony of specific acts, and would do violence to the proposition that the accused is presumed to know and be prepared to answer upon trial what the public knows generally, but is not supposed to know, and be ready to answer specific acts, charges, and conduct involving matters other than that which he is called to answer upon trial."

[6] Prater v. State, 104 Tex.Cr.R. 669, 284 S.W. 965; State v. Poston, 199 Iowa 1073, 203 N.W. 257; People v. Hill, 258 Mich. 79, 241 N.W. 873; State v. Bullard, 100 N.C. 486, 6 S.E. 191.