### UNITED STATES v. LINDH.
#### No. 8422.

Circuit Court of Appeals, Third Circuit.

Heard on Petition to Remand March 10, 1944.

Decided March 14, 1944.

See, also, United States v. Monjar, 3 Cir., 147 F.2d 916.

John VanBrunt, Jr., of Wilmington, Del., for appellant.

Stewart Lynch, U. S. Atty., of Wilmington, Del., for appellee.

Before BIGGS, JONES, and Mc-LAUGHLIN, Circuit Judges.

PER CURIAM.

The appellant has filed a petition praying this court to remand his case to the District Court "for the sole purpose of modifying" the sentence imposed upon him and for other relief. The petitioner was convicted upon a criminal charge in the District Court of Delaware and was sentenced to eighteen months' imprisonment and to a fine of $1,500. The execution of his sentence of imprisonment was suspended by the District Court which proceeded to put the petitioner on probation for two years on conditions which need not be recited here. It appears that the petitioner may be inducted on March 17, 1944, into the United States Army for general military service and has made application to the District Court for release or suspension of the terms of his probation in order that he may be inducted. The court below concluded that it was without power to alter or suspend the terms of the petitioner's probation because of the pendency of the appeal.

▮ The petition is dismissed. The final judgment in a criminal case is the sentence and in placing the petitioner upon probation the court did not affect the finality of the judgment. Probation "comes as an act of grace to one convicted of a crime." Escoe v. Zerbst, 295 U.S. 490, 492, 493, 55 S.Ct. 818, 819, 79 L.Ed. 1566. The petitioner's sentence to eighteen months' imprisonment and to pay a $1,500 fine was the judgment from which he has appealed and while the District Court is without jurisdiction during the pendency of the appeal to modify that judgment it retained and still does retain, despite the pendency of the appeal, the power to modify or suspend or otherwise deal with the terms of the petitioner's probation. Probation is separate and distinct from sentence. See Berman v. United States, 302 U.S. 211, 213, 214, 58 S.Ct. 164, 82 L.Ed. 204.