## SPRINGER v. UNITED STATES.

### No. 10753.

Circuit Court of Appeals, Ninth Circuit.

March 21, 1945.

Bates Booth, of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter and V. P. Lucas, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

The appellant was convicted of a violation of the provisions of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix §§ 301 et seq., in that he knowingly and wilfully failed to report for induction when ordered so to do. This is an appeal from the judgment and sentence.

Neither the assignments of error with reference to the exclusion and introduction of evidence, nor the assignments of error with relation to instructions to the jury, conform to our rules and, therefore, need not be considered. Appellant also assigns as error the denial of his motion to

dismiss and the denial of his motion in arrest of judgment.

Before a further consideration of the case a general statement of the facts and the manner in which the points arose, should be made.

Defendant testified and also argued the case in person to the jury. It appears therefrom that his contention is that he is a minister of the gospel, a member of Jehovah's Witnesses; that he received a notice to report for induction on December 23, 1943, after being advised of his classification as A-1, and that he failed to report for induction, not for the reason that he had any intention of submitting to the jurisdiction of the military authorities but because he felt that he might secure from higher authority a reversal of the decision that he belonged in Class A-1.

■ When the appellant was arraigned he was informed of his right to be represented by counsel; he replied that he did not desire counsel; nevertheless the court appointed two competent attorneys to represent him but he refused their assistance. Appellant was arraigned on April 3, 1944. The case was set for trial for April 5, 1944, notwithstanding the request of the appellant for a delay of a week "because of information to be received from the Watchtower Bible & Tract Society which is on its way, and for information from my brother in the armed services."

The failure to give the additional time to prepare for trial is presented as ground for reversal but no exception was reserved at the time of the ruling, nor was there any application for a continuance at the time of trial. The application for a week's delay was not supported by affidavits nor by any statement of facts which called for delay. There was no error in refusing a delay in the trial.

■ Evidence was introduced showing that on June 6, 1941, the defendant was classified by Local Board 201 in class IV, sub. D (minister) by a vote of three to one. Later, on September 9, 1943, in regular course, appellant was classified class 1, sub. A, by the Board of Appeal.

At the conclusion of the government's evidence, defendant moved to dismiss the cause and discharge the defendant upon the ground of failure of proof. This motion was properly denied. Thereupon the defendant offered as witnesses Irna S. Kielhofer, Lois Phillips, Mabel Anderson, Jack Talbert, and Dorothy Zweigart. The general purpose for which these witnesses were offered was to prove good conduct on the part of the appellant. When appellant stated that he wanted to show that he "hadn't been a law breaker, or something to my favor", the court said, "You are presumed to be innocent of all crimes, including the crime with which you are charged"; that evidence of character was not admissible.

While the witness Dorothy Zweigart was on the stand, the court stated to the defendant that he had a right to put into issue his reputation in the community in which he lived and that the government had a right to rebut that evidence, but that every person is presumed to have good character. The defendant stated he still wanted to bring it out and the court stated he could if he laid the proper foundation. Whereupon, at the suggestion of the United States attorney the court examined the witness with a view to ascertaining her familiarity with the reputation of the appellant. Upon questioning this witness the court concluded that she was not competent to testify to the general reputation of the defendant for truth, honesty, and integrity, and sustained the objection of the United States attorney. No exception was taken by the appellant.

■ Melvin P. Sargent was called by the defendant. He was permitted without objection to testify that the general reputation of the appellant for truth, honesty and integrity in the community in which he lived was good. Appellant offered an affidavit from his brother, who was in the armed services of the United States, which was objected to. An application for a continuance of the trial to secure his testimony was also denied. It appears that the appellant desired his brother to testify as to his good character. Therefore, the testimony was merely cumulative and there was no ground for continuance of the trial.

Gordon E. Russell, testified for the defendant, but as he stated he did not know the reputation of the defendant in the community in which he lived objection to the offered testimony was sustained. No exception was reserved by the appellant.

Clarence Newcomb was called by appellant to testify to his reputation in the community in which he lived but objection was sustained, the witness having stated that he did not know his reputation in the community in which he lived.

John J. Springer, a brother of defendant, testified that defendant's reputation was very good.

Oscar Forsberg testified that the reputation of the defendant for truth, honesty and integrity, in the community in which he works is excellent.

At this juncture appellant asked the court to appoint an attorney to represent him in the trial. The court permitted Bates Booth to be associated in the defense of defendant and the defendant designated Mr. Booth as his attorney. Thereupon the appellant took the witness stand in his own behalf. He testified he is an ordained minister representing the Watchtower Bible & Tract Society and had occupied such position for 12 years. He stated that the Appeal Board classified him as A-1 and that he did not report for induction as ordered. Defendant was asked on direct examination, "What intent was in your mind at the time that you failed to report to the draft board?" The court sustained an objection to the question. The court thereupon asked the witness: "Did you wilfully intend not to report, regardless of what your reasons were? * * * I mean report to the Army for induction." The witness: "Well I didn't do that because I wrote to them, and at that time I also wrote a letter to Washington, D. C., in order to hear from them to stay induction until they could properly hear it."

The witness further testified that he received the original order to report for induction at 7 a.m. on December 23, 1943; that he did not report in person, but instead wrote a letter to the draft board to delay it. The court held that letters written by him after he had received his notice for induction were too late to be admitted in evidence.

An additional character witness was introduced by appellant. Thereupon, appellant rested and moved to dismiss the case on the ground the evidence did not sustain the burden of proof as to the element of criminal intent. Motion was denied.

■ Counsel for the United States waived opening argument and the defendant requested the court's permission to argue his case personally. The court granted the request but warned the witness that he could not argue the classification of the draft board whether good or bad, nor argue his religious beliefs, nor his designation as a minister, nor his occupation. The court stated he was willing to have him argue his case if he argued the evidence and that he must conform to the same rules as other people. Notwithstanding this admonition the appellant's argument consisted mainly in an attempt to have the jury disregard the classification by the local board and to disregard the order of induction on the ground that the draft board violated "three basic American principles," as follows: "They have violated the principle of freedom of worship embodied in the Constitution, they violated a law passed by Congress, and they violated God's supreme law by forcing one of His servants out of His service. * * * In your hands lies a great responsibility, whether you will uphold the three great supreme principles or one nefarious act. * * * In order to prevent these draft boards from scrapping our Constitution I ask that you bring in a verdict of not guilty." Thereupon the Assistant United States attorney addressed the jury, commenting upon the claims of the appellant as presented in his argument; he was interrupted by the objection of appellant's attorney that defendant had been precluded from arguing the points that were being developed by the United States attorney and that the United States attorney should also be restricted because the appellant had been so restricted. The court called attention to the fact that the appellant had disregarded his admonition limiting the argument and the United States attorney claimed the right to answer appellant's argument. The argument of the United States attorney was in effect that there were non-combatant services which could be rendered by a conscientious objector and characterized the conduct of the appellant as follows: " 'I don't want to serve. I am not a conscientious objector to war. I think war is all right.' Those exhibits say that he withdraws his conscientious objection. War is all right,—for the other fellow. It is all right for his brother, it is all right for anybody but the defendant, and he wants to substitute his will, his desire, for law, and, as the court has remarked, and as I now remark, if all of us would do that, where would the country be?" The argument was responsive to the appellant's argument and was justified by his conduct in entering upon a field of argument foreclosed by the court's ruling. There was no error in this regard.

■ The only complaint made by the appellant to the court's instructions to the jury is that no instruction was given to the jury with reference to the effect of the testimony as to his good character. See recent decision of the U.S.C.C.A. of the District of Columbia, Colbert v. U. S., 146 F. 2d 10. No request was made by the appellant for any instruction upon that subject and under the circumstances we think none was required because the evidence was irrelevant.[1] It is true that it has been held in connection with instructions to the jury that it is the duty of the court to cover the issues involved even in the absence of request. This does not require instructions as to good character, where the evidence is irrelevant and the defendant admits that he deliberately refused to do that which the law required him to do.

No reason is suggested and we see none for concluding that evidence of good character for truth, honesty and integrity would tend to support a claim of innocence where the defendant admits a deliberate refusal to obey an order of the induction board, basing his refusal upon conscientious grounds.

The trial court, after imposing sentence of three years and a fine of $1,000, entered an order of probation suspending the sentence, and placing defendant on probation for four years "provided that he shall forthwith secure and continue to be employed as a ward attendant in one of the three veterans' hospitals in this area, and in the event that employment is not available to him, the Probation Officer is directed to report to this court." It was further ordered that "as a condition of this probation, that the defendant pay said fine at the rate of $50.00 per month, and that he report to the Red Cross Blood Bank within the next thirty (30) days and do-

nate a pint of blood, filing a receipt therefor with the Probation Officer."

The defendant, who had applied for presentence investigation, neither objected to the terms of probation nor excepted to the order made. This conduct implies a consent to the order. However, even if no objection or exception was necessary to secure a review of the order (see Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, 19 Ann.Cas. 705), we add that if the court was in error in assuming that appellant had consented to the terms of probation, as now appears to be the case, defendant may apply for a modification of the order, (United States v. Lindh, 3 Cir., 148 F.2d 332) ; or he may fail or refuse to comply with the terms of probation and thus, if the court so order, subject himself to the sentence already imposed but suspended. The conditions of probation are not punitive in character and the question of whether or not the terms are cruel and unusual and thus violative of the Constitution of the United States does not arise for the reason that the Constitution applies only to punishment. These conditions of probation are intended to be an amelioration of the punishment prescribed by law for the given offense.

Affirmed.

DENMAN and STEPHENS, Circuit Judges (concurring).

We concur in the opinion of Judge WILBUR, save as to the last paragraph thereof. We hold with respect to the provision regarding the Red Cross Blood Bank, as follows:

■ We do not consider, and we make no intimation regarding, the power of this court to review the terms of a probationary order. We withhold any ruling

---

[1] It is the established doctrine of many states that in a criminal case evidence of the character and reputation of defendant is not admissible unless it be of a trait of character which makes it probable or improbable that he would have done the kind of act which is alleged to have constituted the crime charged. (See 22 Cor.Jur. § 565, p. 474, citing many cases arranged according to the particular trait and crime; also 32 Cor. Jur.Sec. Evidence, § 427, supplementing it.

The consensus of state decisions above stated seems to be a usable rule in a federal criminal prosecution, as one derivable from common law and developed

in the light of reason and experience. See Wolfle v. United States, 291 U.S. 7, 12, 54 S.Ct. 279, 78 L.Ed. 617, developed from Funk v. United States, 290 U. S. 371, 374–381, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136. Long before these decisions the Supreme Court had announced substantially the same rule above set forth. See Edgington v. United States, 164 U.S. 361, 363, 364, 17 S.Ct. 72, 41 L.Ed. 467, holding that the evidence of character offered for defendant must be such as would "make it unlikely" that he would be guilty of the crime charged. See also, Stewart v. United States, 1939, 70 App.D.C. 101, 104 F.2d 234.

upon that question because no objection was made to the order and because we regard the requirement that "a pint of blood" be given as invading the physical person in an unwarranted manner and void on its face. It may be entirely disregarded. It would appear that the trial Judge understood the appellant to consent to do this beneficent act, but the record does not support this conclusion.