THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ANTONIO R. VÉLEZ MELÉNDEZ, Defendant and Appellant.

No. 15420.   Argued November 24, 1953.—Decided March 3, 1954.

136

*Santos P. Amadeo* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Attorney General,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On June 1, 1951 the prosecuting attorney charged Antonio R. Vélez Meléndez with the crime of perjury. After a trial by jury, he was found guilty and on October 15, 1952 he was sentenced to imprisonment in the penitentiary from one to five years, at hard labor. The lower court, however, suspended the execution of the judgment under the authority of Act No. 259 of April 3, 1946 (Sess. Laws, p. 534), as amended by Act No. 177 of May 4, 1949 (Sess. Laws, p. 556). In so doing, the court determined the conditions to be fulfilled by the defendant to enjoy his probation. Thirteen days later, that is, on October 28 of the same year, defendant appealed to this Supreme Court from the judgment rendered against him, alleging that he was aggrieved by that judgment. On the following day the People of Puerto Rico appeared before the lower court through two of its prosecuting attorneys and filed a motion in which it briefly alleged, (1) that on October 15, 1952 defendant was sentenced to imprisonment in the penitentiary from one to five years and the sentence was suspended on the same day, (2) that on the 28th of the following October defendant appealed from that judgment, (3) "that since the defendant had taken an appeal, the effects of the sentence were suspended and, therefore, the probation terms were also suspended," (4) that defendant has not been required to give bail pending the hearing of the appeal, and (5) that the appeal does not raise any substantial issue of law warranting the fixing of a bail bond. It was urged that the defendant be arrested and committed to the district jail of San Juan until the appeal is decided. The motion was set

for hearing. The motion was fully argued and the court granted it, cancelled (*sic*) the bail given,[1] and ordered the defendant to be committed to the district jail, denying at the same time the defendant's petition for new bail bond, on the ground, as stated by the lower court, that no substantial issue was raised.[2] The defendant appealed from that order also. This is the appeal before us. The only ground of the second appeal is that "the trial judge erred in revoking the suspension of the effects of the sentence which had been granted to defendant, as a result of the appeal taken from the judgment rendered against him."

▇▇▇ Act No. 259 of 1946, as amended by Act No. 177, *supra*, provides in its pertinent part as follows:

"Section 1.—There is hereby established a system of probation in the courts of Puerto Rico.

"Section 2.—The district courts [now Superior Court] [3] may suspend the effects of a sentence entered in any case of felony which is not murder, . . . and order that the person sentenced be placed on probation whenever at the time of imposing said sentence all the following requisites hereinbelow listed concur: . . .

" . . . that after being placed on probation the person shall remain under the custody of the court and subject to the supervision of the Conditional Release Board *until the expiration of the maximum term of his sentence.*

"Section 3.—The duration of the probation period . . . shall be the same as the duration of the maximum term of the sentence. During the probation period the Board shall exercise the degree of supervision it may consider necessary *to accomplish the rehabilitation of the person and to protect the com-*

---

[1] It appears from the record that another judge of the same section fixed the bail on appeal, which was given by defendant. That was undoubtedly the bail which the trial judge canceled upon ordering the arrest of defendant and his commitment to jail.

Subsequently, and at his request, by order of November 7, 1952, this Supreme Court fixed a bail bond at $3,000 for defendant. The bail was given and approved.

[2] See Act No. 61 of April 20, 1949 (Sess. Laws, p. 150.)

[3] See Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30).

*munity.* Any person placed on probation shall be subject to a disciplinary regime of life . . .

"Section 4.—The trial court may, at any time when in its judgment the probation of a person is incompatible with the proper security of the community, *or with the purpose of rehabilitating the offender,* revoke the said probation and order the confinement period fixed in the sentence suspended in order to place the person on probation, without crediting the said person the period of time during which he remained on probation. . . ." (Italics ours.)

As we have seen, in the exercise of the discretion vested by the latter Act, the court, in rendering judgment of conviction for the term therein provided, felt that it was its duty to place the defendant on probation and it so ordered; also, that thirteen days later the defendant appealed and the People, on that sole basis, moved for cancellation of the bail on appeal and for the arrest and commitment of defendant, and it was so decreed by the trial court. In view of the only error assigned, the genesis of the appeal before us is, therefore, whether or not in view of the circumstances already stated the court was within the law in so acting.

The federal statute on the matter—18 U.S.C.A., ch. 231, § 3651—authorizes the trial court to suspend the imposition or execution of a sentence, as may seem wise. In construing that statute—or similar statutes—it has been universally held that where the trial court suspends *the execution* of a sentence and places defendant on probation, such judgment is final and would support an appeal. *Korematsu* v. *United States,* 319 U. S. 432, 87 L. Ed. 1497; *Berman* v. *United States,* 302 U.S. 211, 82 L. Ed. 204; *Birnbaum* v. *United States,* 107 F. 2d 885, 126 A.L.R. 1207; *Commonwealth* v. *Smith,* 198 Atl. 812, 814; *United States* v. *Lombardo,* 174 F. 2d 575; Orfield, *Criminal Procedure from Arrest to Appeal* (1947), p. 584; likewise, that where a trial court merely finds the defendant guilty, suspends *the imposition* of the sentence and places defendant on probation, such action is not a final sentence and is therefore unappealable.

*Korematsu* v. *United States, supra;* Orfield,· *op.* ·*cit., supra;* *cf. United States* v. *Beekman,* 155 F. 2d 580. It has also been held that a person can not be placed on probation following incarceration, even though the period of incarceration is short, *United States* v. *Murray,* 275 U.S. 347, 72 L. Ed. 309; and that a judge may not revoke such probation arbitrarily. *Escoe* v. *Zerbst,* 295 U.S. 490; *United States* v. *Van Riper,* 99 F. 2d 816; *Bennett* v. *United States,* 158 F. 2d 412.

In view of our statute quoted above, judges of the Superior Court of Puerto Rico are empowered only to suspend the execution of sentences rendered in certain causes involving felonies, which are enumerated, but not to suspend *the imposition* of such sentences. Our view is—and in this respect we share the view of the courts above-mentioned—that a sentence such as the one rendered in the case at bar, whose execution was suspended, is appealable to this Court, notwithstanding the fact the accused was placed on probation.

According to Orfield, *op. cit.,* p. 584:

"Probation is a procedure under which a defendant, after conviction or plea of guilty, may be released under the supervision of a trained probation officer on good behavior, subject to return to custody and punishment. It is an outgrowth of the older suspended sentence. But the latter was generally based on inadequate investigation and followed by no supervision. Probation in its proper form is based on a careful presentence investigation and careful supervision under definitely prescribed conditions of behavior."

And according to the United States Supreme Court:

" . . . Probation is concerned with rehabilitation, not with the determination of guilt. It does not secure reconsideration of issues that have been determined or change the judgment that has been rendered. Probation or suspension of sentence 'comes as an act of grace to one convicted of a crime.'" *Berman* v. *United States, supra.* See also *Korematsu* v. *United States, supra.*

Truly, ■ the probationary sentence or probation comes as an act of grace from the sovereign, through the judge of the trial court, to persons convicted of a crime, and is concerned with their rehabilitation;[4] it is a form of mild punishment. *United States* v. *Murray, supra; Cooper* v. *United States*, 91 F. 2d 195. [5] The granting of probation to a defendant rests in the sound discretion of the judge. *Fernández* v. *Rivera, Warden*, 70 P.R.R. 859; *People* v. *Camacho*, 69 P.R.R. 332. ■ Probation begins when the judge imposes sentence and suspends its execution. *United States* v. *Rosenstreich*, 204 F. 2d 321. ■ In the case at bar appellant enjoyed freedom for thirteen days before filing his appeal from the judgment. If during that period the lower court had desired to revoke the probation which defendant was enjoying, it was necessary for the court to have a just reason and to afford defendant an opportunity to be heard. *Escoe* v. *Zerbst, supra; United States* v. *Van Riper*, 99 F. 2d 816; *Bennett* v. *United States*, 158 F. 2d 412. ■ In the instant case there was no charge that he violated the conditions required for enjoyment of freedom. This is admitted by all. The suspension of that privilege was founded exclusively, it is submitted, on the belief of the trial judge that, by the mere fact that defendant appealed from the judgment of conviction, it was his duty to set aside the order of probation previously entered and to order the arrest and commitment of defendant. Such action was inappropriate. The fact that defendant appealed did not violate any of the conditions imposed on him. ■ His acceptance of the probation did not mean, nor could it mean, that he had to waive his right to appeal. One thing is the judgment of conviction in itself and another thing an order suspending the execution thereof and placing defendant on probation. *Nix* v. *United States*, 131 F. 2d 857, 858; *United States* v. *Lindh*, 148 F. 2d 332. One is separable from the

---

[4] See §§ 3 and 4 of Act No. 177, *supra*.

other. While a person is on probation, his enjoyment of life, his freedom, is limited. It is subject to the fulfillment of the conditions required for the granting of that grace. It can not be said that he is completely a free man. He is faced with the threat of revocation of the probation, not arbitrarily, of course, but for a justified reason. If probation is designed to aid defendant in his rehabilitation, there is not, truly speaking, any reason for punishing him by revoking—in this case by the interruption or suspension —the probation granted, because of the mere fact that he appealed from the judgment of conviction—undoubtedly for securing vindication from disgrace and the consequences which flow from the judgment of conviction itself. *Cf. Berman* v. *United States, supra.* That purpose is better served by permitting the enjoyment of his probation, notwithstanding the appeal taken from the judgment, as long as he complies with its terms. ▮ Although the trial court is without jurisdiction to interfere directly with the judgment itself, once an appeal has been taken from the judgment the court retains power to modify the terms of the probation or to revoke it for justified reasons. *United States* v. *Lindh, supra.* However, upon revocation of the probation for non-fulfillment of the conditions, the defendant shall be incarcerated and released on bail only, in those cases permitted by law, if it is shown to the satisfaction of the court that the appeal raises a substantial issue. See Act No. 61 of April 20, 1949 (Sess. Laws, p. 150).

▮ In accordance with § 347 of the Code of Criminal Procedure, as amended by Act No. 128 of April 26, 1950 (Sess. Laws, p. 332), "an appeal may be taken by the defendant . . . (3) From an order made after judgment, affecting the substantial rights of a party." There is no doubt, therefore, that the order entered in the instant case sustaining the motion of the People and directing the arrest of defendant and his commitment in jail was appealable. However, the prosecuting attorney maintains that since

under the Act of March 12, 1903 (Code of Criminal Procedure, p. 248) "an appeal to the Supreme Court from a judgment of conviction stays the execution of the judgment, . . ." the appeal taken from the judgment suspends the probation granted to defendant. We do not share that view. As already stated, a judgment of conviction is one thing and an order placing the defendant on probation is another thing. The fact that an appeal was taken from the judgment itself had nothing to do with the grace granted, nor did it mean that the order for probation should be set aside and the incarceration of defendant ordered pending the appeal. The prosecuting attorney's contention that the purpose of the court was not to revoke an order granting probation to the defendant, but merely to suspend it, and that in the meantime, if bail could not be given, the defendant should be committed to jail, implicitly admits that in rendering final judgment adverse to appellant he would have to be restored to the enjoyment of the grace originally granted. For how long? We know not. This, as has been seen, cannot be done, since the defendant would have already been in jail for some time. This would be repugnant to all precedent on the matter. That was not the spirit which moved the legislature to establish the probation system in the courts of the Island. That spirit was none other than to aid in the convict's rehabilitation. It is better served by permitting the person to whom the benefits of that law have been granted to continue enjoying probation while the appeal which may have been taken from the final judgment is pending.

The order appealed from is hereby reversed, the probation of appellant under the terms provided in the suspension of the execution of the sentence of October 15, 1952 ordered, and the bond given by defendant on November 8, 1952 canceled.