Armand A. DANI, Appellant,

v.

UNITED STATES, Appellee.

No. 2815.

Municipal Court of Appeals for the
District of Columbia.

Argued July 17, 1961.

Decided Sept. 15, 1961.

Andrew T. McEvoy, Jr., Washington, D.
C., for appellant.

Arnold T. Aikens, Asst. U. S. Atty.,
Washington, D. C., with whom David C.
Acheson, U. S. Atty., and Carl W. Belcher,
Asst. U. S. Atty., Washington, D. C., were
on the brief, for appellee. Charles T. Duncan, Asst. U. S. Atty., Washington, D. C.,
also entered an appearance for appellee.

Before HOOD and QUINN, Associate
Judges, and SMITH, Chief Judge of
The Municipal Court for the District of
Columbia, sitting by designation.

QUINN, Associate Judge.

Appellant was found guilty by the court
of stealing five jars of caviar from a grocery store. Code 1951, 22–2202 (Supp.
VIII). According to the agreed statement
of proceedings and evidence, two store detectives testified that they witnessed appellant remove the items from a display counter and leave the premises with the
merchandise concealed in his clothing.
When they called to him, appellant took
flight, running more than a block before
being apprehended.

The assigned errors concern the government's interrogation of a defense psychiatrist who examined appellant for a period of sixty or seventy minutes some five
months after his arrest. On the basis of
this examination the doctor stated his conclusion that appellant's "personality structure was inconsistent with the intent to
steal," making it unlikely that he had com-

mitted the crime charged.[1] In the course of cross-examination the prosecutor asked, "Doctor, did the defendant tell you, at the time of your examination, that he was under arrest and pending charges for falsifying statements on a Government Form No. 57?" Compelled to answer over a plea of physician-patient privilege[2] and objection of counsel, the doctor answered that he had been so informed and had evaluated appellant's nervous condition in the light of that fact.

It is here urged that the government's inquiry concerning the psychiatrist's knowledge of the second criminal charge was a violation of the physician-patient privilege and that the question itself was improperly framed.

■ If ever the relationship of physician-patient existed between appellant and the witness, a premise which is at least reasonably doubtful, the resultant privilege was waived by the testimony relating to appellant's mental faculty to formulate and harbor larcenous intent.[3] The government, then, clearly had the right to cross-examine the witness to explore the underlying basis for his opinion.

■ Nor do we find it objectionable that the government phrased its question in terms of "Did you know?" rather than "Have you heard?" This latter form, it is true, is required where a witness has testified to the defendant's reputation for good character in the community.[4] The court being concerned only with the accuracy and reliability of that evidence, not the witness' personal feelings toward or opinion of the defendant, restricts the gov-

ernment's cross-examination to the question "Have you heard?" But the testimony here was of a different nature in that it expressed the personal opinion of the witness himself. Whether this type of evidence was proper,[5] its admission permitted the form of question used as a legitimate means of testing the factors considered by the witness in arriving at his conclusion.

Affirmed.

---

1. The witness stated that the possibilities were 80 to 20 against appellant's forming such an intent.

2. Code 1951, 14–308 (Supp. VIII), provides in part: "In the courts of the District of Columbia no physician or surgeon shall be permitted, without the consent of the person afflicted, or of his legal representative, to disclose any information, confidential in its nature, which he shall have

acquired in attending a patient in a professional capacity * * *."

3. 58 Am.Jur., Witnesses § 450; VIII Wigmore, Evidence § 2390 (3d ed. 1940).

4. Josey v. United States, 1943, 77 U.S.App. D.C. 321, 135 F.2d 809; Stewart v. United States, 1939, 70 App.D.C. 101, 104 F.2d 234.

5. See id.