**UNITED STATES of America,
Appellee,**

v.

**Stanley Lorenzo GARLAND, Appellant.**

**No. 392, Docket 30278.**

United States Court of Appeals
Second Circuit.

Argued May 11, 1966.

Decided Aug. 1, 1966.

Paul K. Rooney, Asst. U. S. Atty. Southern District of New York (Robert M. Morgenthau, U. S. Atty. for Southern District of New York and Daniel R. Murdock, Asst. U. S. Atty., on the brief), for appellee.

Jerome J. Londin, New York City, (Ann T. Kernan, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and WATERMAN and KAUFMAN, Circuit Judges.

LUMBARD, Chief Judge:

Stanley Lorenzo Garland appeals his conviction on two counts for twice refusing to submit to physical examinations to determine his fitness for induction into the Armed Forces in violation of 50 U.S.C. Appendix § 462(a) after a jury trial before Judge Cooper in the District Court for the Southern District of New York. He received a suspended three-year sentence. He claims error in the judge's charge and that the exclusion of his infant daughter from the courtroom on one occasion denied him a public trial. We affirm the conviction.

█ At the trial Garland took the stand and admitted his refusal to take the examinations but stated that it was based upon religious belief. The government's evidence showed that he had not claimed that he was a conscientious objector when he voluntarily registered for the draft in 1959, nor when he was classified 1A on December 5, 1960.

On September 27, 1963 his local draft board mailed to Garland a Current Information Questionnaire on which he could have claimed conscientious objector status but received no reply. An order to report for a pre-induction physical was mailed shortly thereafter to the same address. When he reported for the physical examination on November 30, 1963 Garland refused to submit to it, explaining that he wished to claim conscientious objector status, and he persisted in his refusal even when advised to consent to the examination and to raise his religious objections in a proper proceeding before the Board. The examiner informed the Board of the refusal and reasons, and the Board declared Garland a delinquent on January 28, 1964. He did not respond to a request to report before the Board and explain his delinquency and therefore was ordered to report for induction on February 26, 1964. He appeared but again refused to undergo examination.

In his testimony Garland did not dispute any of these facts although he claimed that he never received the Board's Current Information Questionnaire and so was denied an opportunity to declare his changed status, having become a conscientious objector, he said, in August 1961. Since the government

proof amply supports his conviction, the main issues on appeal concern the judge's charge.

 At the trial Dr. Giammartino, the appellant's employment supervisor at Albert Einstein College of Medicine, testified as to Garland's excellent reputation for honesty, truthfulness and good moral character among the employees. The judge charged that this could be considered in evaluating the defendant's credibility as a witness but that the jury should disregard the reputation evidence "in determining whether he did in fact unlawfully and knowingly commit the crime as charged" and refused to instruct the jury that "character evidence may be enough to raise a reasonable doubt of defendant's guilt."

There was no error in this charge. Since the defendant, in his own testimony, admitted knowledge of the two orders to take the examinations and a deliberate refusal to submit to physical examination, the evidence of his good character would not be relevant to whether or not he wilfully and knowingly violated the orders. Springer v. United States, 148 F.2d 411, 415 (9 Cir. 1945).

During its deliberations the jury sent a note to the judge asking if the local Board had any obligation under the Selective Service Act to determine whether Garland had changed his status, particularly after the report of the first examiner. The judge replied that the Board could have taken notice and considered whether to reclassify Garland but that it was not obligated to do so. This is a correct interpretation of the regulations involved, 32 CFR §§ 1625.1 and 1625.2. Although 32 CFR § 1625.1(c) states "The local board shall keep informed of the status of classified registrants," it is clear that the primary burden is on the registrant to inform the Board through written notification of any change in circumstances. The Board's failure to reclassify Garland on its own motion was not a violation of its duty, particularly in light of his failure to respond to the request of January 28, 1964 for an explanation of his delinquency.

When the jury returned for the supplemental instructions from the judge the government moved to have the defendant's infant child remain outside the courtroom and out of the presence of the jury. The judge ordered the infant's exclusion which also required Garland's wife to leave the courtroom to attend the infant. Although we do not think that this exclusion can be deemed to violate the defendant's right to a "public" trial, we think it improper to exclude any portion of the public, particularly a member of a defendant's family, without more reason than was shown here. Cf. United States ex rel. Orlando v. Fay, 350 F.2d 967 (2 Cir. 1965). However, no objection was made at the time and we are unable to perceive that any prejudice to the appellant resulted from the exclusion.

Conviction affirmed.