MR. JUSTICE MORRISON,
dissenting:
I respectfully dissent.
The trial court erred in permitting defendant’s Vietnam service record to be introduced for the purpose of rebutting the testimony of the witness Irvin Simpson.
The majority opinion recites at length the testimony of this witness that the defendant was a top ranch hand; that he was good with animals; that the defendant liked to have his family and children with him while he worked; that de *499 fendant was a faithful worker; that the defendant suffered personal injury and discomfort without complaint. The witness also testified that the defendant had never lied to him, that he had not seen him physically abuse anyone and that defendant had not raised his voice or screamed at the kids or cattle. Of course, all of this testimony was objectionable. The testimony did not prove character.
The rule is well settled that witnesses called by defendant may not testify about defendant’s specific acts or courses of conduct. Michelson v. United States (1948), 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168. A character witness’s knowledge of particular acts is not admissible to prove the character of the accused since the word “character” means reputation as distinguished from disposition. Stewart v. U.S. (1939), 104 F.2d 234, 70 App.D.C. 101. Evidence that the defendant was charitable is held not to be admissible to prove good character. Steinberg vs. U.S., 5th Cir. (1947), 162 F.2d 120, certiorari denied 68 S.Ct. 108, 332 U.S. 808, 92 L.Ed. 386. Testimony as to defendant’s conduct as an employee likewise has been held inadmissible as character evidence. U.S. v. White (1963), 225 F. Supp. 514, cause remanded 349 F.2d 965.
Here the prosecution sought to impeach the testimony of witness Simpson with specific acts of conduct committed while the defendant was in service in Vietnam. The admissibility of this type of evidence is governed by Rule 405(a) M.R. Evid., which states:
“(a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.”
The witness Simpson could have properly expressed an opinion with respect to defendant’s reputation for either honesty or peacefulness. On cross-examination the State then could have inquired about specific acts which were rel *500 evant to the reputation testimony.
Rule 405(a) is not clear whether the witness can give testimony beyond the scope of his own knowledge. Historically the rule has been that character witnesses could give testimony respecting the defendant’s reputation in the community. State v. Moormon (1958), 133 Mont. 148, 153, 321 P.2d 236. In Moormon this Court did not allow cross-examination on specific acts but indicated that those acts must have been committed in the community where the witness formed his opinion about the defendant’s reputation. The Court said:
“While the general rule may be as defendant states, that is, cross-examination of character witnesses must be based on acts within defendant’s community. In this regard see citation of authority in Annotation, 71 A.L.R. 1504, 1517, 1535. It was not contended by defendant or the State that the acts upon which the character witnesses were cross-examined occurred anywhere but in Laurel, the community where defendant had lived most of his life, the community in which the character witnesses knew him, the community in which they had heard the rumors and reports propounded to them. From the foregoing discussion it is apparent to this Court that defendant’s second alleged errors [sic] without merit.”
In this case we are presented with testimony of a witness who testified about defendant’s work habits and the way he treated animals and children. No character evidence was given. If the witness had expressed an opinion about the defendant’s reputation in the community cross-examination would properly be permitted on specific acts of the defendant which occurred in the community and which would tend to impeach the direct testimony. The rule would not allow for testimony about the defendant’s conduct in Vietnam. However, in this case no character evidence was even offered and no specific acts refuting character testimony should have been allowed.
The State failed to object to the inadmissible testimony *501 offered by the defendant’s witness Simpson. Since the testimony was in the record it could be refuted by the State but the impeachment evidence would have to be limited to that evidence directly contradicting the witness. In other words, evidence could have been introduced to show that defendant did mistreat children or animals in the presence of the witness.
Perhaps this seems technical but the rules of evidence have a sound basis. Specific acts of misconduct on the part of the defendant have a tendency to prejudice the defendant’s right to a fair trial and must be carefully controlled by the trial court. The testimony here admitted against the defendant far exceeded the bounds of any legitimate impeachment inquiry.
I would reverse and remand for a new trial.