**David P. SIBO, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 426, Docket 28750.**

United States Court of Appeals Second Circuit.

Argued April 20, 1964.

Decided May 13, 1964.

Valentine J. Sacco (Butler, Volpe, Garrity & Sacco, Hartford, Conn.), for plaintiff-appellant.

John D. Adams, Asst. U. S. Atty. (Robert C. Zampano, U. S. Atty.), for the United States.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of appellant's motion to vacate, set aside or correct his sentence. Appellant pleaded guilty to two counts of an indictment and on June 3, 1963, was sentenced to "imprisonment for a period of three (3) years on each count, concurrent, execution suspended after eighteen (18) months, whereupon defendant shall be placed on probation for a period of two years." On June 5, 1963, on its own motion, the District Court corrected the sentence to read: "imprisonment for a period of three (3) years on each [of] the first and third counts to run concurrently."

■■ As the District Court correctly observed, 18 U.S.C. § 3651 does not permit suspension of sentence after a period of incarceration of more than six months. This is what the sentence imposed on June 3, 1963, sought to do. That sentence was therefore illegal and properly corrected under Rule 35, Fed.R.Crim. Proc.

Appellant correctly notes that the District Court might have sentenced him to consecutive sentences of eighteen months on one count and two years probation on the other, in which case he would have been eligible for release after six months. Yet it is equally clear that this was not what was in fact done, nor was it what the District Court intended to do. Had the District Judge actually intended Sibo to serve only six months, this easily might have been accomplished on resentencing; the fact that Sibo was instead

---

sentenced to "a period of three (3) years on each the first and third counts to run concurrently" would strongly indicate that the Court had no such intention. Finally, while a general sentence may have been possible, the initial sentence was explicitly imposed on "each count" of the indictment. In short, whatever the Court *might* have done, it seems clear that the sentence which *was* imposed was illegal; the Court was thus empowered by Rule 35 to correct it.

Affirmed.