UNITED STATES of America,
Plaintiff,

v.

Charles N. JOHNSON, Defendant.

No. 23822–4.

United States District Court,
W. D. Missouri, W. D.

Nov. 7, 1972.

J. Whitfield Moody, U. S. Dist. Atty., Kansas City, Mo., for plaintiff.

Kenneth K. Simon, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE

ELMO B. HUNTER, District Judge.

This matter is presently before the Court upon the motion of defendant pursuant to Rule 35 F.R.Crim.P. for a modification of the federal sentence imposed by this Court on October 21, 1972. On that date defendant was sentenced to a term of 7 years imprisonment plus a 3 year special parole term following a jury trial and conviction for violation of Title 21 U.S.C. § 841(a)(1), (possession with intent to distribute a Schedule I controlled substance). Defendant's sentence was imposed pursuant to the provisions of Title 21 U.S.C. § 841(b)(1) (A), which provides the penalties for violation of Section 841(a) depending on the class of controlled substance involved and the record of prior convictions.

The provisions of Section 841(b)(1) (A) provide in pertinent part:

> In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. * * * Any sentence imposing a term of imprisonment under this paragraph shall * * * impose a special parole term of at least 3 years in addition to such term of imprisonment . . ..

Section 841(c) of Title 21 provides:

> A special parole term imposed under this section or section 845 of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time

which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided by law.

In his present motion, the defendant requested that the Court modify his sentence by imposing it under the provisions of Title 18 U.S.C. § 4208(a)(2). At the time of sentencing, the Court indicated that, if it were legally permissible, the Court would modify defendant's sentence and place it under the terms of Section 4208(a)(2). At that time the Court declined to impose defendant's sentence under that Section because the question had arisen as to whether a sentence under Section 841(b)(1)(A) of Title 21, U.S.C. imposing a mandatory special parole term could include a specification that "the prisoner may become eligible for parole at such time as the board of parole may determine," as is provided by Section 4208(a)(2). This question arose because of the provisions of Section 7, P.L. 85–752, 72 Stat. 845 (1958) and the decisions holding that 18 U.S.C. § 4208(a)(2) was not applicable to an offense for which there is provided a "mandatory penalty". See: Section 7, P.L. No. 85–752, 72 Stat. 845 (Aug. 25, 1958) (not coded in U.S.C.); Jones v. United States, 419 F.2d 593 (8th Cir. 1969); Vaughn v. United States, 359 F.2d 809 (7th Cir. 1966); see also United States v. Kleinzahler, 306 F.Supp. 311 (E.D.N.Y.1969); Senate Report No. 2013, P.L. No. 85–752, July 29, 1958: 1958 U.S.Code Cong. & Admin.News, p. 3891.

■ The Court has reviewed the provisions of Title 21 U.S.C. § 841 and Title 18 U.S.C. § 4208(a)(2), together with the legislative history of those statutes. This review convinces that the penalties provided in Title 21, Section 841(b)(1)(A) are not "mandatory minimum penalties" so as to preclude a sentence under Section 4208(a)(2) of Title

18. The express provisions of Section 841(b)(1)(A) do not provide a mandatory minimum period of imprisonment. And, it is clear that the absence of mandatory minimum penalties was designed to give maximum flexibility to sentencing judges, permitting them to tailor the period of imprisonment as well as the fine, to the circumstances involved in the individual case.[1] Moreover, by providing in Section 841(c) that a special parole "shall be in addition to, and not in lieu of, any other parole provided by law," the statute implies that sentences under Section 841 are not to be treated differently from other sentences for purposes of parole under Chapter 311 of Title 18, United States Code (18 U.S.C. §§ 4201–4210). Thus, apart from the provisions for a mandatory special parole, it is clear that Section 841(b)(1)(A) of Title 21 does not provide a mandatory minimum period of imprisonment and therefore does not preclude a sentence under Section 4208(a)(2) of Title 18 specifying that the prisoner may become eligible for parole at such time as the Board of Parole may determine.

■ In regard to the special parole provisions of Section 841(b)(1)(A) and (c), a close reading of those provisions convinces that they do not operate to impose a "mandatory penalty" within the meaning of Section 7 of P.L. No. 85–752. Even though a special parole term may be revoked, and in such event the original term of imprisonment is increased by the period of the special parole term, the resulting new term of imprisonment is not a mandatory minimum period of imprisonment. Section 841(c) expressly provides that "A person whose special parole term has been revoked may be required to serve all *or part of* the remainder of the new term of imprisonment." (Emphasis added.) Thus indicating that a person who is imprisoned following the revocation of a special parole term is to be eligible for parole under the applicable statutes. See: 18 U.S.C. §§ 4201–4210. Therefore, it is apparent that the special parole provisions of Section 841 comport with the intent of Congress to eliminate mandatory minimum sentences for violations of Section 841(a).

■ The term "mandatory penalty" in Section 7 of P.L. No. 85–752, 72 Stat. 845 (1958) means a sentence which must be served devoid of the benefits of suspension, probation, and parole. Jones v. United States, 419 F.2d 593 (8th Cir. 1969). In view of provisions of Section 841 outlined above permitting parole, it is apparent that a sentence to a term of imprisonment with a special parole term imposed pursuant to Section 841(b)(1)(A) of Title 21 U.S.C., is not a "mandatory penalty" within the meaning of Section 7 of the 1958 Act.

The defendant's motion for reduction of sentence will therefore be sustained, and his sentence will be imposed under the provisions of 18 U.S.C. § 4208(a)(2). It should be pointed out to the defendant that the parole board need not grant him parole status merely because of the instant modification of sentence. 18 U.S.C. § 4208(a)(2) provides that the defendant "may become eligible for parole at such time as the board of parole may determine." Thus, if and when the defendant convinces the Board of Parole that he is a good parole risk, he will be given the opportunity to prove himself on parole.

---

1. The House Report on P.L. 91–513, Comprehensive Drug Abuse Prevention and Control Act of 1970, 1970 U.S.Code Cong. & Admin.News, p. 4566, states that one of the principal purposes of the Act is to provide an overall balanced scheme of criminal penalties for offenses involving drugs. The House Report states: "The bill revises the entire structure of criminal penalties involving controlled drugs by providing a consistent method of treatment of all persons accused of violations. With one exception involving continuing criminal enterprises, hereafter discussed, *all mandatory minimum sentences are eliminated.*" (Emphasis added.) The report further states: "The . . . sentencing procedures give maximum flexibility to judges, permitting them to tailor the period of imprisonment, as well as the fine, to the circumstances involved in the individual case."

Accordingly, for the reasons stated above, under the provisions of Rule 35, F.R.Crim.P., the sentence previously imposed upon the defendant in this cause is hereby modified in that the defendant may become eligible for parole at such time as the Board of Parole may determine in accordance with the provisions of 18 U.S.C. § 4208(a)(2). All other terms of defendant's sentence are to remain the same.

It is so ordered.