UNITED STATES of America

v.

Donna BECKER.

No. CR 72-323-W.

United States District Court,
D. Massachusetts.

Dec. 2, 1975.

No brief for the government.

Morris M. Goldings, Boston, Mass., for defendant.

## OPINION

WYZANSKI, Senior District Judge.

November 17, 1975 defendant, seeking the benefits available under 18 U.S.C. § 5021(b), filed her motion for discharge from probation and issuance of certificate setting aside her conviction.

The relevant facts are few. On November 9, 1972 defendant was convicted on her plea of guilty of a January 12, 1971 violation of 26 U.S.C. § 4755(a)(1). At the time of her offense, the applicable penalty, prescribed by the then 26 U.S.C. § 7237, provided that the offender "shall be imprisoned not less than 2 or more than 10 years and, in addition may be fined not more than $20,000." At the time of her conviction, defendant, having been born September 24, 1947, was 25 years old, and hence classifiable as a young adult offender under the Federal Youth Corrections Act, 18 U.S.C. § 5005, et seq. Due to error, she was not finally sentenced until November 7, 1975, when whe was sentenced to imprisonment for a period of two years. The execution of said sentence was suspended, and she was placed on probation for a period of 30 days, expiring on December 7, 1975.

It is desirable to reach promptly a decision upon the motion. To aid the Court, defendant filed her brief simultaneously with her November 17 motion. No brief has been forthcoming from the government, despite an invitation extended by the Court at the time of the sentencing, and the obvious importance of the case.

The issue here raised calls for interpretation of Section 7 of P.L. 85–752, 72 Stat. 845. Most of that act has been codified in 18 U.S.C. §§ 4208 and 4209, but there is no codification of the seventh section. The main parts of the aforesaid enactment of the 85th Congress have provisions with respect to a judge's fixing eligibility for parole at time of sentencing, and with respect to application of the Federal Youth Corrections Act (18 U.S.C. c. 402) to young adult offenders. That Federal Youth Corrections Act is the statute whose benefits defendant now seeks to invoke. Section 7 of P.L. 85–752, 72 Stat. 845 states that "[t]his Act does not apply to any offense for which there is provided a mandatory penalty." What is now in issue is whether that section precludes treating as a youth offender of a defendant convicted under 26 U.S.C. § 4755(a)(1) and sentenced pursuant to the unamended penalty provisions of 26 U.S.C. § 7237 governing an offense committed January 12, 1971.

The issue is solely one of law. For if the statutes permit this Court to apply to this defendant the Federal Youth Corrections Act, to discharge her from probation, to set aside her conviction, and to issue a certificate of that action, this Court would do so in the light of the facts that, aside from the offense here involved, she has been neither delinquent nor criminal, she is in good physical and mental health, and since her conviction, she has shown responsibility, integrity, and steadfastness by successfully completing a professional course of study in nursing.

Superficially, Section 7 of the statute P.L. 85–752, 72 Stat.845, seems sufficiently explicit to prohibit application of any of its provisions to a person convicted of an offense committed January 12, 1971 in violation of 26 U.S.C. § 4755(a)(1), for which the then penalty under 26 U.S.C. § 7237 (unamended) was "not less than 2 or more than 10 years." On first inspection that penalty would seem to be a "mandatory penalty," and hence, Section 7 would operate to preclude defendant's receiving any benefits under the other parts of P.L. 85–752, 72 Stat. 845.

In seeking to avoid literal application of Section 7, defendant calls to this Court's attention cases which are plainly distinguishable. In *United States v. Donovan*, 242 F.2d 61 (2nd Cir. 1957) the issue was whether, having been con-

victed under 18 U.S.C. § 2114, which provided as a penalty imprisonment for 25 years, defendant was eligible for probation under the *subsequently enacted* Probation Act, 18 U.S.C. § 3651. Understandably, the Second Circuit had no difficulty in concluding that the later general enactment authorized a trial judge to suspend the 25-year sentence and place the defendant on probation. *Smith v. United States,* 284 F.2d 789 (5th Cir. 1960), and *United States v. Hardaway,* 350 F.2d 1021 (6th Cir. 1965) are to the same effect. Moreover, the *Hardaway* case has an additional ruling which, far from supporting, directly undermines defendant's argument in this case. The Sixth Circuit held that because of Section 7 of P.L. 85–752 a District Judge lacks power to parole a person convicted of violation of § 2114 (which provided a 25-year mandatory imprisonment) under the parole provisions of that statute. To the same effect see *Rivera v. United States,* 318 F. 2d 606, 609 (9th Cir. 1963) .

Defendant also urges that the penalty prescribed by 26 U.S.C. § 7237 (as it read at the relevant time) was not "a mandatory penalty" within the meaning of Section 7. Defendant draws attention to *United States v. Johnson,* 350 F. Supp 807 (W.D.Mo.1972) where District Judge Elmo D. Hunter held that 21 U. S.C. § 841(b) (1) (A) imposing as a penalty a sentence of "a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both", did not provide a mandatory penalty. The mere statement of the essence of the penalty there involved shows that the case is distinguishable from the instant case.

This Court concludes that it has not been authorized to grant defendant's motion.

*Motion denied.*