**UNITED STATES of America, Appellee,**

v.

**Donna BECKER, Defendant-Appellant.**

**No. 75–1475.**

United States Court of Appeals,
First Circuit.

Argued March 4, 1976.

Decided June 15, 1976.

Morris M. Goldings, Boston, Mass., with whom Mahoney, Hawkes & Goldings, Boston, Mass., were on brief, for defendant-appellant.

William A. Brown, Asst. U. S. Atty., Boston, Mass., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

This case has an extensive prior history part of which is relevant to a disposition here. Defendant, her husband, and a third man were arrested at Logan International Airport, Boston, Massachusetts on January 12, 1971, after six suitcases belonging to them were found to have false bottoms and to contain 41.5 pounds of marijuana. All three defendants pleaded guilty to the unlawful importing of and dealing in marijuana without having registered and paid the required tax. 26 U.S.C. § 4755(a)(1).[1] On November 9, 1972, defendant was sentenced to a suspended prison term of two years and placed on probation for a period of one day. On October 7, 1975, defendant filed a petition to vacate and reimpose sentence *nunc pro tunc* under the Federal Youth Corrections Act[2] (apparently in order to make possible a subsequent request for a certificate setting aside her conviction pursuant to the Act, 18 U.S.C. § 5021(b)). The district judge who had imposed the original sentence took jurisdiction, and held that the sentence previously imposed was an illegal sentence, and ordered it vacated. The government objected to this procedure, contending that the court lacked jurisdiction under Rule 35 to reconsider its prior sentence.[3] On November 7, 1975, the court again accepted a guilty plea from the defendant and resentenced her to a two year suspended sentence and placed her on probation for thirty days.

On November 17, defendant filed a motion seeking discharge from probation and issuance of a certificate setting aside her conviction pursuant to § 5021(b) of the Youth Corrections Act. The district court denied her request, *United States v. Becker*, 404 F.Supp. 259 (D.Mass.1975), and she appeals.

We do not, however, reach the merits of defendant's appeal as we agree with the government that the district court did not have jurisdiction to vacate defendant's original sentence since that sentence was not "illegal." Fed.R.Crim.P. 35. Although the district court did not issue a written opinion explicitly stating its grounds for vacating its prior sentence, the record makes clear this action was predicated on Rule 35.[4] This rule provides that an "illegal sentence" is correctable by a court "at any time" and that a sentence "imposed in an illegal manner" is correctable within 120 days after the sentence is imposed.[5] As the district court here vacated defendant's sentence nearly three years after its imposition we are clearly faced with a ruling that the original sentence was "illegal." We do not agree, however, with this judgment.

The original sentence was "that the defendant be imprisoned for a period of two (2) years; execution of prison sentence sus-

1. This statute was repealed on October 27, 1970, *see* Pub.L. 91–513, Tit. III, § 1101(b)(3)(A), 84 Stat. 1292, with the effective date of repeal to begin after seven calendar months. Prosecutions commenced prior to that effective date of repeal were unaffected.

2. At the time her original sentence was imposed defendant was twenty-five years old. Convicted defendants between the ages of twenty-two and twenty-five are generally eligible for sentencing as Young Adult Offenders under the Act. See 18 U.S.C. § 4209 (1970).

3. On November 6, 1975, the government filed notice of appeal with regard to the district court's vacation of its previous sentence. While the government's notice of appeal may have been premature in having been lodged prior to resentencing, *cf. Andrews v. United States*, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963), we think it not inappropriate, defendant having been resentenced the following day, to consider the issue at this time. *See* discussion *infra*.

4. Although the district court's opinion of December 2 denying the request for a certificate setting aside conviction, characterized defendant's earlier sentence as "Due to error," it is clear that the court's actions were grounded on a finding that the prior sentence was illegal. The clerk's docket sheet for October 31, 1975, states in pertinent part: "Court states Opinion from the bench; declares sentence imposed Nov. 9, 1972 to be illegal and must be vacated."

5. Rule 35 provides in pertinent part:
    "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence [i. e. 120 days]."

pended and defendant placed on probation for a period of one (1) day." This sentence is not "illegal" by any established criteria. It is not ambiguous with respect to the time and manner in which it is to be served, *see Scarponi v. United States,* 313 F.2d 950, 953 (10th Cir. 1963); nor is it "internally contradictory," *see United States v. Solomon,* 468 F.2d 848, 850 (7th Cir. 1972), *cert. denied,* 410 U.S. 986, 93 S.Ct. 1513, 36 L.Ed.2d 182 (1973); nor did it omit a term required to be imposed by statute, *see United States v. Mack,* 494 F.2d 1204 (9th Cir. 1974), *cert. denied,* 421 U.S. 916, 95 S.Ct. 1578, 43 L.Ed.2d 783 (1975); nor was the sentence one which the judgment of conviction did not authorize, *see United States v. Morgan,* 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *Pinedo v. United States,* 347 F.2d 142, 148 (9th Cir. 1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 547, 15 L.Ed.2d 468 (1966); *Sibo v. United States,* 332 F.2d 176 (2d Cir. 1964); nor was there any uncertainty as to the substance of the sentence, *see Pugliese v. United States,* 353 F.2d 514, 516 (1st Cir. 1965).

■ The record indicates that defendant urged the district court to find the sentence illegal on the ground it was a violation of the National Probation Act of 1925, *as amended,* 18 U.S.C. § 3651. Specifically, it was alleged that there was a patent inconsistency in having a term of probation so much shorter than the period of the suspended sentence, and that a probation period of one day did not provide sufficient opportunity for defendant to demonstrate rehabilitative progress and was therefore contrary to the spirit of the Probation Act. First, it should be noted that § 3651 empowers a court to "suspend the imposition or execution of sentence and place the defendant on probation *for such period and upon such terms and conditions as the court deems best.*" [Emphasis supplied.] The court has considerable discretion in the granting of probation, *United States v. Hayward,* 471 F.2d 388, 390 (7th Cir. 1972);

*see United States v. Lara,* 472 F.2d 128, 129 (9th Cir. 1972), provided the term of probation itself is not ambiguous. *United States v. Martin,* 467 F.2d 1366, 1369–70 (7th Cir. 1972). More importantly, whether or not the one day period of probation granted here is inconsistent with the spirit of the Act as alleged, such inconsistency would not cause the *sentence* to be illegal for purposes of Rule 35. "Final judgment in a criminal case means sentence. The sentence is the judgment. . . . Probation is concerned with rehabilitation . . . [i]t does not . . . change the judgment . . . ." *Berman v. United States,* 302 U.S. 211, 212–13, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937). Probation and sentence are separate and distinct. *United States v. Lindh,* 148 F.2d 332, 333 (3d Cir.), *cert. denied,* 325 U.S. 859, 65 S.Ct. 1193, 89 L.Ed. 1980 (1944). *See Zaroogian v. United States,* 367 F.2d 959, 963 (1st Cir. 1966).

■ If the district court was concerned about the length of the probationary period it could have modified the terms of probation prior to the commencement of sentence —i. e. before technical custody is accepted by the probation officer, *see Pugliese v. United States, supra* at 516–17—or during the pendency of direct appeal of the conviction, *United States v. Lindh, supra* at 333. *See United States v. Ellenbogen,* 390 F.2d 537, 541 (2d Cir.), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). But a court cannot utilize Rule 35 to alter a probationary period nearly three years after the fact on the ground that it constituted an "illegal sentence."[6] The restrictions placed on the use of Rule 35 were intended to limit the period during which a district court has discretionary control over its own sentences. *See United States v. Stollings,* 516 F.2d 1287, 1289 (4th Cir. 1975); *United States v. United States District Court, Central District of California,* 509 F.2d 1352, 1356 (9th Cir.), *cert. denied,* 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975). *Cf.* 8A J. Moore, Federal Practice ¶ 35.02[1] at 35–4

---

**6.** Nor does the Probation Act empower a court to "set aside the original sentence . . . and enter a new judgement . . . ." *Rob-* *erts v. United States,* 320 U.S. 264, 266, 64 S.Ct. 113, 114, 88 L.Ed. 41 (1943).

n.5 (2d ed. 1974). Here, "since the sentence is legal on its face it is not subject to correction as an illegal sentence under Rule 35." *United States v. Malcolm,* 432 F.2d 809, 814 (2d Cir. 1970).

Judgment will be entered vacating both the district court's order of resentencing on November 7, 1975, and its judgment of December 2, 1975, 404 F.Supp. 259, denying the request for a certificate setting aside conviction. Further, the docket entry for November 9, 1972 with respect to Donna Becker is corrected to read, "Defendant Donna Becker—the court orders that defendant Donna Becker be imprisoned for a period of two (2) years; execution of prison sentence suspended and defendant placed on probation for a period of one (1) day." Fed.R.App.P. 10(e).

*So ordered.*