UNITED STATES of America, Appellee,

v.

Roy C. AMES, Appellant.

No. 83–1729.

United States Court of Appeals,
First Circuit.

Submitted June 8, 1984.
Decided Sept. 12, 1984.

Roy Clifton Ames, on brief, pro se.

William F. Weld, U.S. Atty., and C. Brian McDonald, Asst. U.S. Atty., Boston, Mass., on brief, for appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

This is an appeal by Roy Clifton Ames, defendant-appellant, from the denial of his motion for correction or reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Appellant claims that because his sentence was "illegal", the district court had jurisdiction under Rule 35 to entertain his motion. We hold that appellant's sentence was not illegal and that appellant's failure to file a timely motion deprived the court of jurisdiction to review his sentence. The decision by the district court denying appellant's motion is affirmed.

Ames was convicted by a jury in the United States District Court for, *inter alia*, violation of 18 U.S.C. § 2252, and was sentenced to a five year prison term. The maximum jail penalty for conviction under 18 U.S.C. § 2252 is imprisonment for ten years. Appellant's conviction was affirmed by this court, *United States v. Ames*, 685 F.2d 421 (1st Cir.1982), and his petition for a writ of certiorari before the United States Supreme Court was denied on March 21, 1983, *United States v. Ames*, 460 U.S. 1042, 103 S.Ct. 1437, 75 L.Ed.2d 795 (U.S. March 22, 1983). On July 26, 1983, one hundred and twenty-seven days later, appellant moved in the district court for an order to correct or reduce his sentence under Rule 35 of the Federal Rules of Criminal Procedure. The court denied appellant's motion on July 29, 1983, stating first that the district court lacked jurisdiction, and second that the court regarded the sentence as fair and reasonable. Appellant now claims that the district court, in determining his sentence, relied upon an ex parte report forwarded to the Parole Commission, which contained material misrepresentations as to appellant's identity and character. Appellant argues that such reliance makes his five year sentence illegal and that the sentence may be corrected or reduced upon motion at any time. The government responds that appellant's sentence is not illegal and that, consequently, his Rule 35 motion is time barred.

■ Rule 35 distinguishes between "illegal sentences" and sentences "imposed in an illegal manner". While the sentencing court may correct an "illegal sentence" at any time, a sentence "imposed in an illegal manner" may only be corrected or reduced within 120 days of either the date of sentence or the date of the final appellate disposition having the effect of upholding the judgment of conviction. Fed.R.Crim.P. 35.[1]

■ For purposes of Rule 35, we have held that an "illegal sentence" is one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction does not authorize. *United States v. Becker*, 536 F.2d 471, 473 (1st Cir.1976). Appellant's five year sentence is not in excess of the ten year statutory maximum, 18 U.S.C. § 2252, and is not otherwise contrary to the applicable law. Thus by the standards set forth in *Becker*, appellant's sentence is legal. *Id.; see also United States v. DeLutro*, 617 F.2d 316, 318 (2d Cir.1980).

■ The question whether appellant's sentence was "imposed in an illegal manner" is not before us. A motion for correction of a sentence imposed in an illegal manner under Rule 35(a) must be made within 120 days after imposition of the sentence or "within 120 days after entry of

---

1. Rule 35 of the Federal Rules of Criminal Procedure states in pertinent part:

"(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) Reduction of Sentence. The court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction ...."

any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction...." Fed.R.Crim.P. 35(b). *United States v. Ramsey*, 655 F.2d 398, (D.C.Cir. 1981). Appellant's failure to bring his Rule 35 motion within 120 days from the denial of his petition for a writ of certiorari deprived the district court of the power to consider his motion because the time limitations imposed by Rule 35 are jurisdictional. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979).

Finally, we note that even if there were no jurisdictional bar, the district court's denial of appellant's motion to correct or reduce sentence does not appear vulnerable. In his motion to correct, appellant has introduced no evidence to support his claim that his sentence was imposed in an illegal manner. He shows neither that the contents of the purported ex parte report were communicated to the district court, nor that the court relied upon any erroneous information in sentencing. *Knight v. United States*, 611 F.2d 918, 923 (1st Cir.1979).

Appellant's motion to reduce sentence is essentially a plea for leniency and is addressed to the sound discretion of the district court. The function of Rule 35 is to allow the district court to decide if, on further reflection, the sentence seems unduly harsh. *United States v. Hooton*, 693 F.2d 857 (9th Cir.1982); *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir.1981). Where the facts do not indicate an illegal sentence or that the trial court grossly abused its discretion in imposing sentence, the denial of a motion to reduce sentence will not be reversed on appeal. *United States v. Campbell*, 711 F.2d 159, 160 (11th Cir.1983).

On the facts alleged, the district court's summary dismissal of appellant's motion was warranted.

*Affirmed.*