**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Donald R. PARRISH, Defendant-Appellee.**

**No. 85–2589.**

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1986.

Decided July 17, 1986.

Michael A. Stover, Asst. U.S. Atty., East St. Louis, Ill., for plaintiff-appellant.

Hubert W. Woodruff, II, Salem, Ill., for defendant-appellee.

Before WOOD, COFFEY and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

This appeal presents us with another sentence reduction problem arising under Fed. R.Crim.P. 35(b),[1] an issue on which the view of this court has not always been unanimous.

### Factual Background

On September 10, 1982, the defendant, Donald R. Parrish, entered a plea of guilty to two counts of an eleven-count indictment growing out of the November 1980 default of the First National Bank of Woodlawn, Illinois. Parrish had been President, and a member of the Board of Directors and Loan Discount Committee, as well as a

---

**1.** Prior to August 1, 1985, Rule 35(b) provided in pertinent part: "... The court may reduce a sentence within 120 days after the sentence is imposed...."

Later Rule 35(b) was amended on an interim basis effective August 1, 1985, to provide in pertinent part:

A motion to reduce a sentence may be made, or the court may reduce a sentence without

motion, within 120 days after the sentence is imposed.... The court shall determine the motion within a reasonable time.

This interim amendment remains in effect until November 1, 1986, at which time a completely revised Rule 35 will provide that a district court will have discretion to reduce a sentence only if the government so recommends in light of the defendant's cooperation.

bank shareholder. One count charged that he and two others conspired to defraud the United States, the Federal Deposit Insurance Corporation, and the office of Comptroller of the Currency by making false statements and reports to influence action of the bank upon loan applications, by misapplying bank funds to their personal gain, and by impairing the agencies in their administrative and regulatory functions. 18 U.S.C. §§ 371, 656, & 1014. The other count charged Parrish and a codefendant with misapplication of bank funds with intent to defraud the bank in the amount of $75,000. 18 U.S.C. §§ 656 & 2. In nonstatutory language Parrish diverted bank funds to an investment enterprise in which he had a personal interest.

On April 8, 1983, Chief Judge Foreman sentenced Parrish to a four-year term of imprisonment on the first count, and to a concurrent four-year term of imprisonment on the second count. These sentences were imposed under 18 U.S.C. § 4205(a), which made Parrish eligible for parole after service of one-third of his aggregate sentence, which would have been September 15, 1984. Parrish entered prison on May 16, 1983, with no jail credit. The full sentence was accordingly due to expire on May 15, 1987. Deduction of good time credits provided by law would have resulted in the release of Parrish on or about June 13, 1986, in the absence of a grant of parole.

On August 5, 1983, the 119th day of Rule 35(b)'s 120-day limitation, Parrish, then in custody, filed his motion for reduction of sentence under the rule. The principal reason stated in support of his motion was the alleged disparity between the sentence imposed on Parrish as compared with that imposed on a codefendant, James Nigg, on the same charges. Both had entered into plea agreements with the government and both, it is claimed, had cooperated with the government. The codefendant, Parrish argued, was more involved in the fraud than was he. Parrish's sentence exceeded that of Nigg by two years. In addition to the disparity Parrish alleges that the amount of money involved was inaccurately stated in the presentence report to be in excess of the actual amount. Supplemental mitigating reasons were also stated.[2]

Parrish's problem developed when a hearing on the motion was held about thirty days later and the matter was taken under advisement. It remained under advisement until August 13, 1985, almost two years after the motion had been filed. At that time, Judge Foreman granted the motion reducing the sentence to the time presently served. The original forty-eight-month sentence was thereby reduced to a sentence of twenty-seven months. The reasons given by Parrish in support of the motion were briefly referred to by the court as "good cause" to justify the reduction, but there is no explanation of the two-year delay.

At the reduction hearing it appears that the disparity may have reflected the government's claim that Parrish had not fully cooperated by supplying information about another codefendant, Bobby Foreman,[3] whereas Nigg had supplied the government with useful information. Judge Foreman expressed great concern about the disparity-in-sentence problems, and particularly in regard to this case. The court further noted that Parrish had a son who was having drug problems and

---

**2.** Parrish presented these additional mitigating factors:

  a. The Defendant's conduct in relation to his offense neither caused nor threatened physical harm in any form to another;

  b. The Defendant's conduct in relation to his offense was induced and facilitated by others;

  c. The Defendant has no prior history of offenses and has except in this instance, always led a law-abiding life;

  d. The circumstances surrounding the Defendant's conduct in relation to his offense are unlikely to reoccur;

  e. The character and attitudes of the Defendant indicate that he is unlikely to commit other or further offenses;

  f. An extended imprisonment of the Defendant would entail excessive hardship to his minor dependent children.

**3.** We assume that codefendant Bobby Foreman is unrelated to Judge Foreman.

that Parrish and his wife had divorced. She was suffering from a mental breakdown. Judge Foreman also recalled that Parrish had done much good work with other children in the state and that there was a lot of public support for a reduction in Parrish's sentence. The hearing concluded with the court taking the motion under advisement in order, as we read the record, to give Parrish further opportunity to cooperate with the government, if he so desired. Judge Foreman stated that if Parrish did cooperate he would consider that cooperation along with the other mitigating reasons Parrish had advanced. Two years later on August 13, 1985, the sentence was reduced and Parrish was released two days after that from the Federal Prison Camp at Marion, Illinois. At the present time Parrish is not in custody.

There is nothing in the record to suggest that Judge Foreman, in an attempt to preempt that body's responsibility, had any ideas whatsoever about waiting to see what the United States Parole Commission might do. *See United States v. Inendino*, 655 F.2d 108, 109 (7th Cir.1981). Nor is there anything in the record to suggest that Judge Foreman was aware that on October 30, 1980, the Commission had in fact denied Parrish's application for parole.

### Analysis

The issue is one of the district court's jurisdiction to grant a motion for reduction of sentence two years after the 120-day provision of Rule 35(b) has expired. The government argues that this case is controlled by *Gaertner v. United States*, 763 F.2d 787 (7th Cir.) (Cudahy, J., dissenting), *cert. denied*, — U.S. —, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985).[4] In *Gaertner* the defendant also filed a petition for reduction of sentence under Rule 35(b) on the 119th day after his sentence had been imposed. The district court denied the motion because 120 days had passed by the time the

motion was considered by the court. This court affirmed, holding that Rule 35(b) must be interpreted literally to deprive district courts of jurisdiction to determine motions to reduce sentence once the 120-day limitation period has expired. 763 F.2d at 797. *Gaertner*, which changed the longstanding law of this circuit, might have been foretold by a reading of *United States v. Kajevic*, 711 F.2d 767, 776 (7th Cir.1983), *cert. denied*, 464 U.S. 1047, 104 S.Ct. 721, 79 L.Ed.2d 182 (1984). Although it did not effect the change itself, *Kajevic* "warned that some members of this court, at least, have ... doubts" that the prior interpretation of Rule 35(b) in this circuit was correct. This circuit, as had most other courts, had previously placed a nonliteral interpretation on the rule which permitted a defendant's Rule 35 motion, provided it was filed within 120 days, to be determined by the court within a reasonable time after the 120-day period had expired. *United States v. DeMier*, 671 F.2d 1200 (8th Cir.1982); *United States v. Smith*, 650 F.2d 206 (9th Cir.1981); *United States v. Johnson*, 634 F.2d 94 (3d Cir.1980); *United States v. Mendoza*, 581 F.2d 89 (5th Cir. 1978); *United States v. Stollings*, 516 F.2d 1287 (4th Cir.1975).

Even those members of this court who took exception to the *Kajevic* "warning" must credit *Kajevic* with helping, however, to accomplish the 1985 amendment to Rule 35(b), the interim amendment which by statute allows the court a reasonable time after 120 days to consider the motion. The amendment restored the law in this circuit to what it had been before *Gaertner*. *See* Fed.R.Crim.P. 35(b) advisory committee note (explaining background of 1985 Amendment to Rule 35(b)). *See also United States v. Kimberlin*, 776 F.2d 1344, 1349 (7th Cir.1985) (Ripple, J., dissenting).[5]

Parrish says the 1985 *Gaertner* decision should not be applied retroactively to his 1983 motion to divest the district court of

---

4. On Petition for Rehearing with Suggestion for Rehearing *En Banc*, Judges Bauer, Wood, Cudahy and Flaum voted to grant rehearing *en banc*.

5. On Petition for Rehearing with Suggestion for Rehearing *En Banc*, Judges Wood, Cudahy, Flaum, and Ripple voted to grant rehearing *en banc*.

jurisdiction to reduce the sentence. To do otherwise, Parrish argues, could result in unfairness as the delay in ruling on the motion by the court until after the 120 days has expired can have unforeseen and harsh results. In this case Parrish and the government find no reason in the record for the delay as none appears in the order reducing the sentence. Parrish speculates that the delay could be caused merely by clerical error or other reasons beyond his control.

We need to consider the application of *Gaertner.* In *Kimberlin* a timely Rule 35(b) motion had been filed on August 12, 1983, a week after Parrish had filed his motion. Kimberlin's motion was denied on the merits by the district court on November 8, 1983. Kimberlin appealed, but this court declined to reach the merits because of *Gaertner.* *Kimberlin* imposed the 1985 *Gaertner* decision retroactively to foreclose the 1983 ruling by the district judge. At the time of the *Kimberlin* decision the 1985 interim Rule 35 amendment had been effective for about four months. However, the court in *Kimberlin* did not give Kimberlin the benefit of the interim statutory rule allowing a reasonable time after expiration of the 120-day limit because the district judge had acted before the interim amendment became effective. *Kimberlin* holds that the interim rule "applies only to decisions a district court makes after August 1, 1985," when the interim rule became effective, and before November 1, 1986, when the entirely new version of Rule 35 becomes effective. 776 F.2d at 1348. *Kimberlin* remains the law in this circuit.

Therefore, under *Kimberlin,* the interim amendment allowing a reasonable time after the expiration of the 120-day limit is applicable and *Gaertner* has no effect on this case. Judge Foreman ruled on the

motion about two weeks after the interim amendment became effective. As there is no explanation in the record for the two-year delay, there is no basis to consider whether the delay was reasonable or not. A ten-month delay was considered reasonable in *United States v. Krohn,* 700 F.2d 1033 (5th Cir.1983). In *Diggs v. United States,* 740 F.2d 239 (3d Cir.1984), Judge Gibbons, in dissent, would not have found a two-and-one-half-year delay unreasonable when caused by administrative error not the fault of the defendant. *Id.* at 250–51. We believe that reasonableness would depend on the circumstances in each case, to be evaluated in light of the policies supporting the time limitation and the reason for the delay. *United States v. Smith,* 650 F.2d 206, 209 (9th Cir.1981). The parties in the instant case cannot specifically identify a cause for the two-year delay, but it appears to us from the record that Judge Foreman had in mind to give Parrish the opportunity to cooperate with the government. The judge said he was leaving it up to Parrish to consider cooperation, and he emphasized that meant total cooperation. If Parrish did cooperate, the judge suggested, he might review the sentence. Apparently neither party thereafter formally brought this unresolved and pending matter to the court's attention.[6]

We therefore dismiss this appeal and remand to Judge Foreman for an explanation of the delay and a determination of whether or not the delay was reasonable. If Judge Foreman determines the delay was reasonable, his reduction order may stand, although we do not foreclose further appeal on the issue of delay. If Judge Foreman, however, concludes that the delay cannot be considered to be reasonable under the interim amendment, then he lacked jurisdiction and must vacate his reduction order entered August 13, 1985.[7]

---

6. It was suggested at oral argument that some informal inquiries had been made about the status of the motion, but the record is silent.

7. At oral argument the issue was raised for the first time whether Parrish's 35(b) motion might be construed as a 35(a) motion and be remand-

ed to consider if, as claimed, erroneous information was contained in the presentence report and therefore may have influenced the sentence. We agree with the government that even if true that would not constitute an illegal sentence, but rather a sentence imposed in an illegal manner which remains subject to the 120-

In the event that the two-year delay cannot be considered reasonable, and it is at least doubtful, Parrish will have to be returned to custody. Judge Foreman is experienced in criminal matters, and deeply concerned about the fairness of his sentences. He found, as he stated in his original order, good cause advanced by Parrish to justify the reduction. If it is determined, however, that Judge Foreman lacked jurisdiction, we recommend that the Parole Commission in the exercise of its own good and independent discretion reexamine all the circumstances up-to-date and reconsider immediate parole, giving weight to Judge Foreman's views of the matter. If immediate parole is determined by the Parole Commission to be justified, Parrish would not have to forsake his interim adjustments to normal life, assuming he has been in no further trouble, and be subjected at this late date to the trauma of a second incarceration for the same crime. It may be that under these particular circumstances the time already served by Parrish has served its penal purposes, and that added incarceration would be unfair and undeserved.

Remanded for further consideration in conformity with this opinion.

day limitation. *United States v. Ames,* 743 F.2d 46 (1st Cir.1984).