**UNITED STATES, Appellee,**

v.

**Richard M. PENTA,**
**Defendant, Appellant.**

**No. 91–1228.**

United States Court of Appeals,
First Circuit.

Heard June 4, 1991.

Decided July 31, 1991.

Willie J. Davis with whom Davis & Robinson were on brief, Boston, Mass., for appellant.

Jennifer H. Zacks, Atty., Civ. Div., Dept. of Justice, with whom Douglas N. Letter, Atty., Civ. Div., Dept. of Justice, Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., and Wayne A. Budd, U.S. Atty., were on brief, Boston, Mass., for appellee.

Before BREYER, Chief Judge,
BOWNES, Senior Circuit Judge, and
STAHL *, District Judge.

BOWNES, Senior Circuit Judge.

Defendant-appellant, Richard Penta, appeals the denial of a motion under Federal Rule of Criminal Procedure 35(b) to reduce his sentence.

On February 17, 1988, three indictments were returned against defendant for his participation in an odometer-tampering and title-washing operation. On the first indictment, No. 88–038, defendant pled guilty to transporting forged securities (automobile titles) in violation of 18 U.S.C. § 2314; illegally rolling back the odometers of nine used automobiles in violation of 15 U.S.C. § 1984; conspiracy, 18 U.S.C. § 371; and aiding and abetting, 18 U.S.C. § 2. He was sentenced by Judge Skinner of the United States District Court, District of Massachusetts, to a three-year prison term and a fine of $100,000. His conviction was affirmed by this court. *United States v. Penta*, 898

* Of the District of New Hampshire, sitting by designation.

F.2d 815 (1st Cir.), *cert. denied,* ── U.S. ──, 111 S.Ct. 246, 112 L.Ed.2d 205 (1990). Penta then moved pursuant to Fed.R. Crim.P. 35(b) for reduction of sentence.[1] His motion was denied and no appeal was taken.

On the second indictment, No. 88–039, defendant pled guilty to transporting forged automobile titles in violation of 18 U.S.C. § 2314; changing the mileage on the odometers of motor vehicles in violation of 15 U.S.C. § 1984; conspiracy, 18 U.S.C. § 371; and aiding and abetting, 18 U.S.C. § 2.[2] Chief Judge Freedman imposed a fine of $130,000 and sentenced defendant to two years imprisonment to run consecutively to the three-year sentence previously imposed by Judge Skinner. Defendant's convictions were affirmed by this court. *United State v. Penta,* 923 F.2d 839 (1st Cir.1990).

Penta then filed a timely Rule 35(b) motion for reduction of sentence and a hearing. He asserted that the prosecutor, motivated by personal interest, misrepresented to Judge Freedman that Judge Skinner had considered only the charges in the first indictment when he sentenced the defendant, leading Judge Freedman to impose a consecutive sentence.

Judge Freedman determined that the allegations in the defendant's Rule 35(b) motion had been argued and considered when he sentenced the defendant and that a hearing on the motion was unnecessary.[3] Judge Freedman denied the motion, stating that "the defendant received a fair and reasonable sentence considering all the circumstances." This appeal followed.

■ Defendant reiterates on appeal the claims raised in his Rule 35(b) motion. He argues that his consecutive sentences represent a due process violation and an abuse of judicial discretion. No double jeopardy claim has been raised.

■ When presented with a Rule 35(b) motion for reduction of sentence, the sentencing judge has substantial discretion to grant it or not. *United States v. Glantz,* 884 F.2d 1483, 1487 (1st Cir.1989), *cert. denied,* ── U.S. ──, 110 S.Ct. 1150, 107 L.Ed.2d 1054 (1990); *United States v. Ames,* 743 F.2d 46, 48 (1st Cir.1984) (per curiam) (Rule 35(b) motion is "essentially a plea for leniency and is addressed to the sound discretion of the district court"), *cert. denied,* 469 U.S. 1165, 105 S.Ct. 927, 83 L.Ed.2d 938 (1985). "The chief function of such an initiative is 'to allow the district court to decide if, on further reflection, the sentence seems unduly harsh.'" *United States v. DeCologero,* 821 F.2d 39, 41 (1st Cir.1987) (quoting *United States v. Ames,* 743 F.2d at 48). We therefore "uphold a refusal to reduce a sentence under Rule 35(b) except upon a showing of gross misuse of discretion." *United States v. Twomey,* 845 F.2d 1132, 1134 (1st Cir.1988); *see also United States v. DeCologero,* 821 F.2d at 42; *United States v. Ames,* 743 F.2d at 48.

■ We find no fault with Judge Freedman's refusal to reduce the sentence. The sentencing judge may consider a wide range of information concerning a defendant's background. *United States v. Curran,* 926 F.2d 59, 61 (1st Cir.1991) (citations omitted). "Under 18 U.S.C. § 3577 [subse-

---

**1.** All references to Rule 35 are to the rules applicable to all offenses committed before November 1, 1987. The offenses to which Penta pled guilty occurred during 1984.

The applicable version of Fed.R.Crim.P. 35(b) (as amended in 1984) reads as follows:

Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court

denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

**2.** The third indictment, No. 88–040, was dismissed for reasons unrelated to this appeal.

**3.** Because Penta does not appeal the district court's denial of an evidentiary hearing on the motion, we will not address this issue.

quently renumbered § 3661], the trial judge may consider an almost unlimited range of information when imposing a sentence, including information relating to crimes of which the defendants have not been convicted." [4] *United States v. Jimenez–Rivera*, 842 F.2d 545, 550 (1st Cir.) (footnote omitted), *cert. denied*, 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 917 (1988).

Judge Freedman properly considered all the charges concerning defendant's criminal activities, not just the charges in the indictments before him. At the sentencing hearing, Judge Freedman stated: "I find these offenses to be severable and different and distinctive from what's been sentenced, that you have been sentenced before by Judge Skinner." Accordingly, Judge Freedman did not abuse his discretion in imposing a consecutive sentence because he believed that the offenses directly before him were distinct from the offenses sentenced earlier by Judge Skinner.[5]

■ Defendant argues that the prosecutor, motivated by personal interest,[6] misled the judge at sentencing to impose consecutive sentences in violation of defendant's right to due process of law. At the sentencing hearing, Judge Freedman heard arguments from both the prosecutor and defendant's counsel as to whether his sentence would duplicate Judge Skinner's. The prosecutor's alleged misstatement, "Judge Skinner very clearly sentenced defendant Penta to what was before him specifically in that case," was directly countered by Penta's counsel, who stated, "[Judge Skinner] said go ask for concurrent sentences, and he also said he was taking into consideration Richard Penta's long-standing [sic] involvement. In this type of activity."

It is not clear from the record whether Judge Freedman had reviewed the transcript of the sentencing hearing before Judge Skinner prior to or during the sentencing hearing that Judge Freedman conducted. By the time he considered defendant's Rule 35(b) motion, however, Judge Freedman had reviewed the transcript of the sentencing hearing before Judge Skinner and was apprised of all the relevant facts. He so stated in his order denying Penta's Rule 35(b) motion:

> After studying the transcripts of the disposition before Judge Skinner and the disposition before this Court and recalling the arguments presented before this Court, the Court is satisfied that it has properly evaluated the case itself, the defendant's culpability, and the effects the crimes have had upon the consumers. The Court believes the defendant received a fair and reasonable sentence considering all the circumstances.

Judge Freedman was not misled by the arguably marginal overstatements of the prosecutor.

We see no need to address defendant's allegations of the prosecutor's personal involvement. There is no basis for finding that Judge Freedman was not aware of the personal involvement of the prosecutor in the case. Furthermore, the prosecutor has already been admonished by Judge Skinner for overzealous prosecution of Penta.

The denial of the defendant's Rule 35(b) motion was not an abuse of discretion. The district court's order denying the Rule 35(b) motion is:

*Affirmed.*

---

**4.** 18 U.S.C. § 3661 provides: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

**5.** We do not review Judge Skinner's denial of defendant's Rule 35(b) motion because no appeal was taken.

**6.** The prosecutor knew the daughter of the defendant's former employer.