USCA1 Opinion

 

 December 11, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1409 UNITED STATES, Appellee, v. ANGEL PEREZ MORALES, a/k/a TATO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Angel Perez Morales on brief pro se. ___________________ Daniel F. Lopez-Romo, United States Attorney, Robert S. Mueller, ____________________ ___________________ III, Assistant Attorney General, Mary Lee Warren, Chief, Lena D. ___ ________________ _______ Mitchell and William H. Kenety, Attorneys, Narcotic and Dangerous Drug ________ _________________ Section, Criminal Division, Department of Justice, on brief for appellee. ____________________ ____________________ Per Curiam. Angel Perez Morales (defendant) appeals ___________ from the denial of his motion for correction of sentence under former Fed. R. Crim. P. 35(a).1 We find no error and therefore affirm. Defendant was one of thirty-nine persons charged in 1987 with various offenses involving the importation of controlled substances from Colombia. In April 1988, defendant was convicted of four such offenses: conspiring to import marijuana and cocaine (Count One), aiding and abetting the importation of marijuana and the importation of cocaine (Counts Two and Seven), and aiding and abetting the possession of cocaine with intent to distribute (Count Eight). At sentencing, he received consecutive five-year prison terms on each count and a $10,000 fine on Count One. On appeal, this court reversed defendant's conviction on Count Seven while affirming the other three. United States _____________ ____________________ 1. Applicable to offenses committed prior to November 1, 1987, former Fed. R. Crim. P. 35 reads in pertinent part as follows: (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. (b) Reduction of Sentence. A motion to reduce a sentence may be made ... within 120 days after the sentence is imposed ..., or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of ... a judgment of conviction .... v. Aponte-Suarez, 905 F.2d 483 (1st Cir. 1990), cert. denied, _____________ ____________ 111 S. Ct. 975 (1991). On June 3, 1991 (104 days after the denial of certiorari on February 19), defendant through counsel filed a motion for reduction and correction of sentence under former Rule 35. This motion primarily challenged the length of imprisonment but also sought remission of the $10,000 fine due to an alleged inability to pay. The district court summarily denied the motion on July 2, 1991, and no appeal was taken. On October 25, 1991 (248 days after the denial of certiorari), defendant filed the instant pro se motion under Rule 35(a) to correct an illegal sentence. His central claim is that the district court, in imposing the fine, failed to consider the factors enumerated in 18 U.S.C. 3622 (repealed -3- as of November 1, 1987).2 The district court denied the motion due to lack of jurisdiction, and this appeal followed. We agree with the district court's disposition. The time limitations imposed by Rule 35 are jurisdictional in nature. United States v. Addonizio, 442 U.S. 178, 189 _____________ _________ (1979). Defendant's motion failed to comply with those limitations. Accordingly, only if the fine here was an "illegal sentence" (which may be corrected "at any time")--as opposed to one "imposed in an illegal manner" (which is subject to the 120-day limitation)--would the district court have had jurisdiction to award relief. Yet defendant's challenge is not to the legality of the fine per se: ____________________ 2. 18 U.S.C. 3622(a) provided in pertinent part as follows: In determining whether to impose a fine and the amount of a fine, the court shall consider, in addition to other relevant factors-- (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the defendant's income, earning capacity, and financial resources; (4) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose; (5) any pecuniary loss inflicted upon others as a result of the offense; (6) whether restitution is ordered and the amount of such restitution; [and] (7) the need to deprive the defendant of illegally obtained gains from the offense .... -4- [A]n "illegal sentence" is one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction does not authorize. United States v. Ames, 743 F.2d 46, 47 (1st Cir. 1984) (per _____________ ____ curiam), cert. denied, 469 U.S. 1165 (1985); accord, e.g., _____________ ______ ____ United States v. Becker, 536 F.2d 471, 473 (1st Cir. 1976); _____________ ______ 8A Moore's Federal Practice 35.06[3], at 35-55 (1992) _________________________ ("illegal sentences are essentially only those which exceed the relevant statutory maximum limits or violate double jeopardy or are ambiguous or internally contradictory"). The fine here suffers from none of these deficiencies. It was well below the statutory maximum of $250,000 and was not otherwise contrary to applicable law. Instead, any failure by the district court to consider the 3622(a) factors would render the fine one "imposed in an illegal manner." Cf. ___ United States v. Celani, 898 F.2d 543 (7th Cir. 1990) (per ______________ ______ curiam) (in Rule 35(a) context, allegation that court failed to consider required statutory criteria in ordering restitution is a challenge, not to the legality of the sentence itself, but to the manner in which it was imposed). Defendant's motion is thus barred by the 120-day limitation. We note that, even if there were no jurisdictional bar, defendant's challenge to the fine would appear meritless. -5- The district court was not required to make specific written or oral findings relating to the 3622(a) factors. See, ___ e.g., United States v. Wilfred American Educ. Corp., 953 F.2d ____ _____________ ____________________________ 717, 720 (1st Cir. 1992). Nor will we "presume that the district court declined to consider the relevant section 3622(a) evidence contained in the record." Id. at 719. Here ___ the pre-sentence report contained information on the principal factors identified by the statute. The only potentially significant factor not discussed is the need to deprive a defendant of illegal gains and omission of such discussion, presumably on the ground that it was not relevant, hardly prejudiced defendant here. What remains of defendant's argument is a disagreement with the district court's exercise of its judgment. Affirmed. ________ -6-