980 F.2d 721
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Angel Perez MORALES, a/k/a Tato, Defendant, Appellant.
 No. 92-1409.
 United States Court of Appeals,
First Circuit.
 December 11, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Angel Perez Morales on brief pro se.
 Daniel F. Lopez-Romo, United States Attorney, Robert S. Mueller, III, Assistant Attorney General, Mary Lee Warren, Chief, Lena D. Mitchell and William H. Kenety, Attorneys, Narcotic and Dangerous Drug Section, Criminal Division, Department of Justice, on brief for appellee.
 D.Puerto Rico.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Angel Perez Morales (defendant) appeals from the denial of his motion for correction of sentence under former Fed. R. Crim. P. 35(a).[1] We find no error and therefore affirm.
 
 
 2
 Defendant was one of thirty-nine persons charged in 1987 with various offenses involving the importation of controlled substances from Colombia. In April 1988, defendant was convicted of four such offenses: conspiring to import marijuana and cocaine (Count One), aiding and abetting the importation of marijuana and the importation of cocaine (Counts Two and Seven), and aiding and abetting the possession of cocaine with intent to distribute (Count Eight). At sentencing, he received consecutive five-year prison terms on each count and a $10,000 fine on Count One. On appeal, this court reversed defendant's conviction on Count Seven while affirming the other three.
 
 
 3
 United States v. Aponte-Suarez, 905 F.2d 483 (1st Cir. 1990), cert. denied, 111 S. Ct. 975 (1991).
 
 
 4
 On June 3, 1991 (104 days after the denial of certiorari on February 19), defendant through counsel filed a motion for reduction and correction of sentence under former Rule 35. This motion primarily challenged the length of imprisonment but also sought remission of the $10,000 fine due to an alleged inability to pay. The district court summarily denied the motion on July 2, 1991, and no appeal was taken. On October 25, 1991 (248 days after the denial of certiorari), defendant filed the instant pro se motion under Rule 35(a) to correct an illegal sentence. His central claim is that the district court, in imposing the fine, failed to consider the factors enumerated in 18 U.S.C. § 3622 (repealed as of November 1, 1987).[2] The district court denied the motion due to lack of jurisdiction, and this appeal followed.
 
 
 5
 We agree with the district court's disposition. The time limitations imposed by Rule 35 are jurisdictional in nature. United States v. Addonizio, 442 U.S. 178, 189 (1979). Defendant's motion failed to comply with those limitations. Accordingly, only if the fine here was an "illegal sentence" (which may be corrected "at any time")-as opposed to one "imposed in an illegal manner" (which is subject to the 120-day limitation)-would the district court have had jurisdiction to award relief. Yet defendant's challenge is not to the legality of the fine per se:
 
 
 6
 [A]n "illegal sentence" is one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction does not authorize.
 
 
 7
 United States v. Ames, 743 F.2d 46, 47 (1st Cir. 1984) (per curiam), cert. denied, 469 U.S. 1165 (1985); accord, e.g., United States v. Becker, 536 F.2d 471, 473 (1st Cir. 1976); 8A Moore's Federal Practice p 35.06 , at 35-55 (1992) ("illegal sentences are essentially only those which exceed the relevant statutory maximum limits or violate double jeopardy or are ambiguous or internally contradictory"). The fine here suffers from none of these deficiencies. It was well below the statutory maximum of $250,000 and was not otherwise contrary to applicable law. Instead, any failure by the district court to consider the § 3622(a) factors would render the fine one "imposed in an illegal manner." Cf. United States v. Celani, 898 F.2d 543 (7th Cir. 1990) (per curiam) (in Rule 35(a) context, allegation that court failed to consider required statutory criteria in ordering restitution is a challenge, not to the legality of the sentence itself, but to the manner in which it was imposed). Defendant's motion is thus barred by the 120-day limitation.
 
 
 8
 We note that, even if there were no jurisdictional bar, defendant's challenge to the fine would appear meritless. The district court was not required to make specific written or oral findings relating to the § 3622(a) factors. See, e.g., United States v. Wilfred American Educ. Corp., 953 F.2d 717, 720 (1st Cir. 1992). Nor will we "presume that the district court declined to consider the relevant section 3622(a) evidence contained in the record." Id. at 719. Here the pre-sentence report contained information on the principal factors identified by the statute. The only potentially significant factor not discussed is the need to deprive a defendant of illegal gains and omission of such discussion, presumably on the ground that it was not relevant, hardly prejudiced defendant here. What remains of defendant's argument is a disagreement with the district court's exercise of its judgment.
 
 
 9
 Affirmed.
 
 
 
 [1]
 Applicable to offenses committed prior to November 1, 1987, former Fed. R. Crim. P. 35 reads in pertinent part as follows:
 (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
 (b) Reduction of Sentence. A motion to reduce a sentence may be made ... within 120 days after the sentence is imposed ..., or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of ... a judgment of conviction....
 
 
 [2]
 18 U.S.C. § 3622(a) provided in pertinent part as follows:
 In determining whether to impose a fine and the amount of a fine, the court shall consider, in addition to other relevant factors--
 (1) the nature and circumstances of the offense;
 (2) the history and characteristics of the defendant;
 (3) the defendant's income, earning capacity, and financial resources;
 (4) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;
 (5) any pecuniary loss inflicted upon others as a result of the offense;
 (6) whether restitution is ordered and the amount of such restitution; [and]
 (7) the need to deprive the defendant of illegally obtained gains from the offense....